# PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name NAWABI   IDRIS
     (Last)   (First)   (Initial)

E-filing

Prisoner Number P-41591

Institutional Address AVENAL STATE PRISON, P.O. BOX 8, 1 KINGS WAY, AVENAL, CA 93204-0008

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

IDRIS NAWABI
(Enter the full name of plaintiff in this action.)

vs.

J. HARTELY, WARDEN.

(Enter the full name of respondent(s) or jailor in this action)

Case No. CV 08 1258 WHA
(To be provided by the clerk of court)

PETITION FOR A WRIT OF HABEAS CORPUS

---

### Read Comments Carefully Before Filling In

#### When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

<u>Who to Name as Respondent</u>

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

Alameda County Superior Court,    Oakland
Court                                                Location

(b) Case number, if known  H23388

(c) Date and terms of sentence  April 02, 1999

(d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)    Yes ✓    No ___
Where?

Name of Institution: Avenal State Prison

Address: P.O. Box 8, 1 Kings Way, Avenal, CA 93204

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

P.C. 289, P.C. 286(c)/3, P.C. 211, 12022.3(a) and 12022(b).

PET. FOR WRIT OF HAB. CORPUS        - 2 -

1  3. Did you have any of the following?

2      Arraignment:                      Yes ✓    No ____

3      Preliminary Hearing:        Yes ✓    No ____

4      Motion to Suppress:         Yes ✓    No ____

5  4. How did you plead?

6      Guilty ____    Not Guilty ____    Nolo Contendere ✓

7      Any other plea (specify) _____

8  5. If you went to trial, what kind of trial did you have?

9      Jury ____    Judge alone ✓    Judge alone on a transcript ____

10 6. Did you testify at your trial?             Yes ____    No ✓

11 7. Did you have an attorney at the following proceedings:

12     (a)    Arraignment                    Yes ✓    No ____

13     (b)    Preliminary hearing         Yes ✓    No ____

14     (c)    Time of plea                  Yes ✓    No ____

15     (d)    Trial                            Yes ____    No ✓

16     (e)    Sentencing                     Yes ✓    No ____

17     (f)    Appeal                         Yes ____    No ✓

18     (g)    Other post-conviction proceeding  Yes ✓    No ____

19 8. Did you appeal your conviction?        Yes ____    No ✓

20     (a)    If you did, to what court(s) did you appeal?

21         Court of Appeal                 Yes ____    No ✓

22         Year: _____    Result: _____

23         Supreme Court of California      Yes ____    No ✓

24         Year: _____    Result: _____

25         Any other court                 Yes ____    No ✓

26         Year: _____    Result: _____

27

28     (b)    If you appealed, were the grounds the same as those that you are raising in this

petition?  Yes ___  No ✓

(c) Was there an opinion?  Yes ___  No ✓

(d) Did you seek permission to file a late appeal under Rule 31(a)?

Yes ___  No ✓

If you did, give the name of the court and the result:

_____

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?  Yes ✓  No ___

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

(a) If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I. Name of Court: Superior Court of Alameda County

Type of Proceeding: The Petition for writ of Habeas Corpus

Grounds raised (Be brief but specific):

a. That Juries, not Judges must determine facts that justify the upper term.

b. The upper term imposed by the Judge is unconstitutional.

c. The upper term imposed by the Judge violated petition's Sixth & Fourteenth rights.

Result: Denied    Date of Result: March 28, 2007

II. Name of Court: First District State Court of Appeal

Type of Proceeding: Habeas Corpus Petition

Grounds raised (Be brief but specific): --

1  a. In Apprendi the statutory maximum sentence is the middle term not the maximum the Legislature had authorized.
2  b. The judge used the preponderance standard not the ~~beyond a reasonable doubt standard~~ which the judges applies.
3  c. California Determinate Sentence Law is unconstitutional,
4  to the extent that it allows the judges to impose an upper-term,
5  Result: Denied   Date of Result: OCT 30, 2007

6  III.  Name of Court: Supreme Court of California
7  Type of Proceeding: Habeas Corpus Petition
8  Grounds raised (Be brief but specific):

9  a. The rule in Cunningham qualifies under the watershed/bedrock test.
10 b. The judge imposed an upper-term sentence on the basis ~~of sentencing factors that the jury has not determined~~ beyond a reasonable doubt.
11 c. The rule in Apprendi/Blakely/Cunningham announced
12    elements essential to fairness of a criminal proceeding.
   d. Cunningham rule is change in criminal proceeding.
13 Result: Denied/(See Attached Order) Date of Result: JAN.16, 2008

14 IV.  Name of Court: _____
15 Type of Proceeding: _____
16 Grounds raised (Be brief but specific):
17 a. _____
18 b. _____
19 c. _____
20 d. _____
21 Result: _____ Date of Result: _____

22 (b)  Is any petition, appeal or other post-conviction proceeding now pending in any court?
23         Yes ___   No ✓
24 Name and location of court: _____

25 **B. GROUNDS FOR RELIEF**
26 State briefly every reason that you believe you are being confined unlawfully. Give facts to
27 support each claim. For example, what legal right or privilege were you denied? What happened?
28 Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS           5

1  need more space. Answer the same questions for each claim.
2      [Note: You must present ALL your claims in your first federal habeas petition. Subsequent
3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,
4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]
5      Claim One: The Trial Court erred and abused its discretion
6  when imposing the upper term violating petitioner's Sixth and (See Attached Continuance)
7  Supporting Facts: On April 02, 1999, petitioner entered a plea
8  of nolo contendere to sexual assault on an adult
9  (Penal Code §289), (Penal Code 286(c)(3)) and burglary of
10 the residents (Penal Code 211.)(See Attached Continuance.)
11 Claim Two: _____
12 _____
13 Supporting Facts: _____
14 _____
15 _____
16 _____
17 Claim Three: _____
18 _____
19 Supporting Facts: _____
20 _____
21 _____
22 _____
23      If any of these grounds was not previously presented to any other court, state briefly which
24 grounds were not presented and why:
25 _____
26 _____
27 _____
28 _____

GROUND ONE: (Continued from Page 6 of Petition For Writ of Habeas Corpus):
Fourteenth Amendments and the rules announced in Apprendi/Blakely/Cunningham that elements essential to fairness of a proceeding and change in criminal proceeding:

SUPPORTING FACTS: (Continued from Page 6 of Petition For Writ of Habeas Corpus):
Thereafter, the sentencing judge sentenced petitioner to the upper term of 8 years on P.C. 289 plus a consecutive enhancement of 4 years on P.C. 12022.3(a) for use of a weapon and a consecutive of 6 years on P.C. 286(c)(3) and a consecutive of 1 year on P.C. 211 the middle term one third plus a consecutive enhancement of 4 months for the use of a weapon, P.C. 12022(b). Under the California's Determinate Sentencing Law (DSL), offenses are punishable by one of three precise terms of imprisonment: a low term, a mid term, and a upper term.
At the time of petitioner's sentencing, the sentencing judge imposed the upper term based on the judge's fact-finding.
Thereafter, the United States Supreme Court had ruled in Apprendi, that a trial court could only impose the statutory maximum which is the mid-term based on the judges fact-finding.

1

Therefore the sentencing judge in petitioner's case abused its discretion when imposing the upper-term of 8 years.

Furthermore, petitioner's plea does not warrant the upper-term because he is entitled to specific performance based on the sentencing judge's imposition of an invalid sentence which had more to do with the cast of the rules set forth in Apprendi, and the only appropriate remedy is to vacate the sentence, and remand the case back to the Superior Court for re-sentencing as outlined in Apprendi and by the Sixth and Fourteenth Amendments. Moreover, the fundamental principal at issue here was announced in Apprendi, supra, 530 U.S. at p. 490: "other than the fact of a prior conviction, any fact that increases the penality for a crime beyond the the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." The Supreme Court clarified the meaning of the term "statutory maximum" in Blakely v Washington 542 U.S. 296, 303-304, "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant... In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. The sentencing judge exceeded

1  his proper authority in petitioner's case.
2  ARGUEMENT
3  In Apprendi v New Jersey, 530 U.S. 466 (2000), the United
4  States Supreme Court made it perfectly clear when
5  referring to the "statutory maximum" sentence,
6  that it did not mean the maximum the Legislat-
7  ure had authorized, but rather the maximum s-
8  entence that can be imposed based solely on the
9  jury's findings. (See also Blakely v Washington, 542
10 U.S. 294 (2004) (constitutional explanation).
11 Petitioner's plea agreement alone limited the per-
12 missible sentence that the judge could impose, how-
13 ever, the additional factfinding by the sentencing
14 judge yielded the upper-term of a eight years sent-
15 ence, that was found by a preponderance of evide-
16 nce that violated petitioner's rights safe-guarded
17 by the Sixth and Fourteenth Amendments.
18 In concluding, the sentencing judge's factfinding
19 in petitioner's case elevated his sentence from
20 the statutory maximum of 6 years to 8 years-
21 ... falls within the province of the jury employing
22 a beyond a reasonable doubt standard, not the
23 bailwick of a judge's determination where the
24 preponderance of evidence lies. On the basis of
25 retroactivity, petitioner is respectfully asking
26 this court to consider in the burden of proof bet-
27 ween the preponderance standard and the beyond
28 a reasonable doubt standard the petitioner's case.

In closing arguement, Apprendi/Blakely/Cunningham decisions was not a new rule, it announced the fundamental fairness of and accuracy of the criminal proceeding by preventing an impermissibly large risk of an inaccurate conviction. And it announced the fundamental elements essential to the fairness of a proceeding.

Executed on Feb. 26, 2008                    *[signature]*
                                             Signature of Petitioner

4

1     List, by name and citation only, any cases that you think are close factually to yours so that they
2 are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning
3 of these cases:
4 Apprendi v. New Jersey (2000) 530 U.S. 466, 490 (Apprendi), Blakely
5 v. Washington (2004) 542 U.S. 294, 296 (Blakely), and Cunningham
6 v. California (2007) 549 U.S. ___ [127 S.Ct. 856].
7 Do you have an attorney for this petition?　　　　　　　　Yes ___    No ✓
8 If you do, give the name and address of your attorney:
9 _____
10     WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in
11 this proceeding. I verify under penalty of perjury that the foregoing is true and correct.
12
13 Executed on   FEB. 26, 2008               [signature]
14               Date                                    Signature of Petitioner

(Rev. 6/02)

| STATE OF CALIFORNIA GA-22 (9/22) | | **INMATE REQUEST FOR INTERVIEW** | | DEPARTMENT OF CORRECTIONS |
|---|---|---|---|---|
| DATE Feb. 14, 2008 | TO TRUST OFFICE | | FROM (LAST NAME) Nawabi, Idris | CDCR NUMBER P41591 |
| HOUSING G40 | BED NUMBER 19L | WORK ASSIGNMENT unassigned | JOB NUMBER | |
| | | | FROM | TO |
| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | | | ASSIGNMENT HOURS | |
| | | | FROM | TO |

**Clearly state your reason for requesting this interview.**
You will be called in for an interview in the near future if the matter cannot be handled by correspondence.

Dear Trust Account Officer,
 I'm currently filing a Federal Petition for Habeas Corpus and I don't have the $5.00 filing fee so the court has required me to include copies of my trust account statement showing my balance, transactions for the last six

Do **NOT** write below this line. If more space is required, write on back.

INTERVIEWED BY                                   DATE

DISPOSITION

↓ ↓ see Reverse ↓ ↓

S154884

# IN THE SUPREME COURT OF CALIFORNIA

En Banc

In re IDRIS NAWABI on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
FILED

JAN 1 6 2008

Frederick K. Ohlrich Clerk

_____
Deputy

_____
GEORGE
Chief Justice

US POSTAGE $01.310
Mailed From 93204
02/29/2008
049J82042606

IDRIS NAWABI CDC# P.41591
AVENAL STATE PRISON
P.O. BOX 9/640-53L
AVENAL, CA 93204-0009

Confidential

AVENAL STATE PRISON

RECEIVED
MAR - 3 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

U.S. District Court, Northern
District of California
ATTN: Office of the Clerk
450 Golden Gate Avenue, Box 36060
San Francisco, CA 94102

LEGAL MAIL
FEB 2 9 2008
AVENAL STATE PRISON
MAILROOM

CONFIDENTIAL LEGAL MATERIAL