IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IDRIS NAWABI,

    Petitioner,

    v.

J. HARTELY, Warden,

    Respondent.

No. C 08-1258 WHA (PR)

**GRANT OF LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER TO SHOW CAUSE**

Petitioner, a California prisoner currently incarcerated at Avenal State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis.

Venue is proper because the conviction was obtained in Alameda County, which is in this district. *See* 28 U.S.C. § 2241(d).

**STATEMENT**

Petitioner pleaded nolo contendere to charges of sexual assault and burglary. His sentence included an upper-term sentence of eight years for the sexual assault. He contends he has raised the issue he presents here in state habeas petitions.

**DISCUSSION**

*A. Standard of Review*

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

*B. Legal Claims*

As grounds for federal habeas relief, petitioner asserts that he is entitled to re-sentencing under *Cunningham v. California*, 127 S. Ct. 856, 871 (2007), in which the Court found that imposition of an upper-term sentence based on facts not tried to a jury violates the Sixth Amendment. This contention is sufficient to require a response.

## CONCLUSION

1. Leave to proceed in forma pauperis (document number 2 on the docket) is **GRANTED**.

2. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

1  If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
2  court and serving it on respondent within thirty days of service of the answer.

3  4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer,
4  as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a
5  motion, petitioner shall file with the court and serve on respondent an opposition or statement of
6  non-opposition within thirty days of receipt of the motion, and respondent shall file with the
7  court and serve on petitioner a reply within 15 days of receipt of any opposition.

8  5. Petitioner is reminded that all communications with the court must be served on
9  respondent by mailing a copy of the document to respondent's counsel. Papers intended to be
10 filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also
11 must keep the court informed of any change of address by filing a separate paper with the clerk
12 headed "Notice of Change of Address," and comply with any orders of the court within the time
13 allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this
14 action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez*
15 *v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

16 **IT IS SO ORDERED.**

18 Dated: March    11   , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

28 G:\PRO-SE\WHA\HC.08\NAWABI1258.OSC.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

IDRIS NAWABI,

           Plaintiff,

  v.

J. HARTELY et al,

           Defendant.

Case Number: CV08-01258 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 11, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Attorney General's Office
455 Golden Gate Ave.
San Francisco, CA 94102


Idris Nawabi
P-41591/ 640-53L
Avenal State Prison
PO Box 9
Avenal, CA 93204-0009

Dated: March 11, 2008

                                              Richard W. Wieking, Clerk
                                              By: Frank Justiliano, Deputy Clerk