1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   DANE R. GILLETTE
    Chief Assistant Attorney General
3   GERALD A. ENGLER
    Senior Assistant Attorney General
4   PEGGY S. RUFFRA
    Supervising Deputy Attorney General
5   ARTHUR P. BEEVER
    Deputy Attorney General
6   State Bar No. 242040
       455 Golden Gate Avenue, Suite 11000
7      San Francisco, CA 94102-7004
       Telephone: (415) 703-5865
8      Fax: (415) 703-1234
    Attorneys for Respondent
9
                    IN THE UNITED STATES DISTRICT COURT
10
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
                           SAN FRANCISCO DIVISION
12

13   **IDRIS NAWABI,**                          C 08-1258 WHA (PR)

14                               Petitioner,    **MOTION TO DISMISS HABEAS
                                                CORPUS PETITION AS
15              **v.**                          UNTIMELY AND
                                                PROCEDURALLY BARRED**
16   **J. HARTELY, Warden,**

17                               Respondent.

18

19

20          Respondent hereby moves to dismiss the petition for writ of habeas corpus as untimely

21   under 28 U.S.C. § 2244(d) and procedurally barred.  A motion to dismiss in lieu of an answer on the

22   merits is proper where the petition is procedurally defective.  *See White v. Lewis,* 874 F.2d 599, 602

23   (9th Cir. 1989); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C.

24   § 2254 Cases, Rule 4, and Advisory Committee Notes; *see also Jablon v. Dean Witter & Co.,* 614

25   F.2d 677, 682 (9th Cir. 1980) (motion to dismiss proper if time bar is clear from face of complaint).

26   We have not noticed a hearing date because petitioner is an incarcerated state prisoner who is

27   representing himself in this case.

28

**STATEMENT OF THE CASE**

On February 19, 1999, petitioner pleaded no contest to first degree robbery, sexual assault, and sodomy by threat of retaliation. He also admitted personally using a deadly weapon, a knife, during the robbery and sexual assault. Exh. 1, Reporter's Transcript ("RT") [2/19/99] 8-9; *see also* RT [8/8/03] 2-3.

On April 2, 1999, the trial court sentenced petitioner to 19 years 4 months in prison, consisting of the 8-year upper term for sexual assault, a consecutive 4 years for the use of a knife during the assault, a consecutive 6 years for sodomy, a consecutive year for robbery, and a consecutive 4 months for the use of a knife during the robbery. RT [4/2/99] 8-9. Petitioner did not appeal.

On January 31, 2007, petitioner filed a petition for writ of habeas corpus in the Superior Court of California, County of Alameda. Exh. 2 at 1. On March 28, 2007, the court denied petitioner's habeas petition. Exh. 2.

On April 26, 2007, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. Exh. 3. On May 10, 2007, the Court of Appeal denied petitioner's habeas petition. Exh. 4.

On July 30, 2007, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. Exh. 5. On January 16, 2008, the court denied petitioner's habeas petition. Exh. 6.

Petitioner filed his petition before this Court on March 4, 2008, raising the claim that the imposition of the upper term by the court violated the Sixth Amendment.

**ARGUMENT**

**I.**

**THE PETITION IS UNTIMELY**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), petitioner had one year from the date his state judgment became final by the conclusion of direct review to file a habeas corpus petition in federal court. 28 U.S.C. § 2244(d)(1)(A). Direct review in this case concluded on June 1, 1999, when the time to file a notice of appeal expired. *See* Cal. Rules of Court,

rule 31(a) (defendant has 60 days from the time judgment is rendered to file notice of appeal). Thus, absent any tolling, petitioner had until June 1, 2000, to file a timely habeas corpus petition in federal court. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

The AEDPA allows for tolling during the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). However, "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *accord, Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D. N.Y. 1998) ("The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Petitioner did not begin filing his state habeas corpus petitions until January 31, 2007, almost seven years after the limitations period had expired. Accordingly, the state collateral proceedings did not toll the statute. Petitioner did not file this petition under March 4, 2008, seven years and nine months after the limitations period ended. Therefore, the petition is untimely and must be dismissed with prejudice.

Petitioner may contend the petition was timely under 28 U.S.C. § 2244 (d)(1)(C), which specifies that the statute of limitations shall run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." The cases on which petitioner relies were all decided after his judgment became final. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000) (June 26), *Blakely v. Washington*, 542 U.S. 296 (2004), *Cunningham v. California*, 549 U.S. 270 [127 S.Ct. 856] (2007). Since petitioner first challenged his sentence in state court in 2007, his federal petition might have been timely had *Cunningham* announced a "newly recognized" right. However, it did not. *See Butler v. Curry*, 528 F.3d 624 (9th Cir. 2008). Nor is that right, originally announced in *Apprendi*, retroactive to decisions final before the opinion was issued. *See United States v. Jenkins*, 333 F.3d 151, 153-154 (3d Cir. 2003); *United States v. Sanders*, 247 F.3d 139, 149-151 (4th Cir. 2001); *United States v. Brown*, 305 F.3d 304, 309 (5th Cir.

2002); *Curtis v. United States*, 294 F.3d 841, 842 (7th Cir. 2002); *United States v. Moss*, 252 F.3d 993, 999-1000 (8th Cir. 2001); *United States v. Sanchez-Cervantes*, 282 F.3d 664, 669-670 (9th Cir. 2002); *United States v. Mora*, 293 F.3d 1213, 1218 (10th Cir. 2002); *McCoy v. United States*, 266 F.3d 1245, 1257-1258 (11th Cir. 2001). Accordingly, 28 U.S.C. § 2244 (d)(1)(C) does not apply. The petition is untimely and must be dismissed with prejudice.

## II.

### THE PETITION IS PROCEDURALLY BARRED

Application of *Apprendi*, *Blakely*, or *Cunningham* to petitioner's case would violate the rule of *Teague v. Lane*, 489 U.S. 288 (1989). In that case, the Supreme Court held that a new rule of constitutional law cannot be applied retroactively on federal collateral review,[1] unless the new rule forbids criminal punishment of individual conduct or is a "watershed" rule of criminal procedure. *Caspari v. Bohlen*, 510 U.S. 383, 396 (2004). The federal habeas court must first decide whether *Teague* is implicated before considering the merits of a claim if the state argues that the petitioner seeks the benefit of a new rule. *Beard v. Banks*, 542 U.S. 406, 412 (2004); *Horn v. Banks*, 536 U.S. 266, 272 (2002). For purposes of *Teague,* a rule is considered new if the federal habeas court surveys the legal landscape as it then existed and determines that the rule was not "dictated by precedent." *Lambrix v. Singletary*, 520 U.S. 518, 527 (1997). Thus, a rule is not constitutionally compelled if the survey shows that "reasonable jurists" could differ about the outcome. *Caspari v. Bohlen,* 510 U.S. at 395.

In *Cunningham,* the Supreme Court indicated that its previous opinions "from *Apprendi* to [*United States v. Booker*, 543 U.S. 220 (2005)]" pointed to a conclusion that the sentencing court could not impose the upper term absent a jury finding. 127 S.Ct. at 871. However, *Apprendi* and its progeny were all decided after petitioner's case was final. Thus, at the time petitioner's case became final, a survey of the legal landscape would not have compelled a state court to conclude that his sentence violated the Constitution. Accordingly, because the rule of *Apprendi* was "new"

---

1. For *Teague* purposes, petitioner's conviction became final on June 1, 1999. *See Caspari v. Bohlen*, 510 U.S. 383, 390 (2004).

1  within the meaning of *Teague*, federal habeas relief is barred in this case.  For the same reasons, the

2  rule on which petitioner relies was not "clearly established" by the Supreme Court when his case

3  became final, which also precludes relief.  28 U.S.C. § 2254(d)(1).

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CONCLUSION**

2          For the reasons stated, respondent respectfully requests that the petition for writ of habeas

3  corpus be dismissed with prejudice.

4          Dated:  July 23, 2008

5                    Respectfully submitted,

6                    EDMUND G. BROWN JR.
                        Attorney General of the State of California

7                    DANE R. GILLETTE
                        Chief Assistant Attorney General

8

                    GERALD A. ENGLER
                        Senior Assistant Attorney General

9

10                   PEGGY S. RUFFRA
                      Supervising Deputy Attorney General

11

12                   /s/ Arthur P. Beever
                    ARTHUR P. BEEVER

13                   Deputy Attorney General

14                   Attorneys for Respondent

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Motion to Dismiss Habeas Corpus Petition as Untimely - C 08-1258 WHA (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Nawabi v. Hartely, Warden**

No.:    **C 08-1258 WHA (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004.

On July 23, 2008, I served the attached

### MOTION TO DISMISS HABEAS CORPUS PETITION AS UNTIMELY AND PROCEDURALLY BARRED

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, California, addressed as follows:

Idris Nawabi
P-41591/640-53L
Avenal State Prison
P.O. Box 9
Avenal, CA 93204-0009

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 23, 2008, at San Francisco, California.

|  M. Argarin  |  /s/ M. Argarin  |
| :---: | :---: |
| Declarant | Signature |

20127252.wpd

# EXHIBIT 1



COPY

1       IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2              IN AND FOR THE COUNTY OF ALAMEDA

3       BEFORE THE HONORABLE VERNON K. NAKAHARA, JUDGE

4                   DEPARTMENT NO. 7

5                     ---oOo---

ENDORSED
FILED
ALAMEDA COUNTY

FEB 22 1999

8    THE PEOPLE OF THE STATE OF
     CALIFORNIA,

9
                    PLAINTIFF,
10
            VS.
11                                        NO. H23388
     IDRIS JAVIER NAWABI,
12
                    DEFENDANT.
13    _____/

14

15

16         REPORTER'S TRANSCRIPT OF PROCEEDINGS

17             FRIDAY, FEBRUARY 19, 1999
           CHANGE OF PLEA/STATE PRISON PENDING
18

19

20

21

22   APPEARANCES:

23   FOR THE PEOPLE:       THOMAS ORLOFF, DISTRICT ATTORNEY
                           BY:  MARTIN BROWN, DEPUTY
24

25   FOR THE DEFENDANT:    JULES BONJOUR
                           ATTORNEY AT LAW
26

27   REPORTED BY:  LISA HODGES, CSR #7195

28

               LISA HODGES, CSR NO. 7195

1

1    FRIDAY, FEBRUARY 19, 1999, MORNING SESSION

2                      PROCEEDINGS

3                      ---o0o---

4         THE COURT:  ON THE NAWABI MATTER.

5         MR. BONJOUR:  JULES BONJOUR APPEARING ON

6    BEHALF OF MR. NAWABI WHO'S PRESENT.

7         THE COURT:  OKAY.  YOU CAN BOTH HAVE A

8    SEAT.

9         AND MR. BROWN FOR THE PEOPLE.

10        MR. NAWABI, IT'S MY UNDERSTANDING THAT YOU'RE

11   ENTERING A PLEA OF EITHER GUILTY OR NO CONTEST TO

12   COUNT TWO OF THIS INFORMATION.  THAT'S A VIOLATION OF

13   SECTION 211.  THAT'S A FIRST DEGREE 211.  YOU'RE GOING

14   TO ADMIT THE USE CLAUSE.

15        IT'S MY FURTHER UNDERSTANDING THAT YOU'RE GOING

16   TO EITHER PLEAD GUILTY OR NO CONTEST TO COUNT FOUR, A

17   VIOLATION OF SECTION 289, AND YOU ALSO ARE GOING TO

18   ADMIT THE USE CLAUSE OR PLEAD GUILTY OR NO CONTEST TO

19   THE USE CLAUSE.

20        FINALLY, IT'S MY UNDERSTANDING THAT YOU'RE ALSO

21   GOING TO ENTER A PLEA OF EITHER GUILTY OR NO CONTEST

22   TO THE COUNT FIVE, VIOLATION OF SECTION 286(C), AND

23   ADMIT THE USE CLAUSE.

24        MR. BONJOUR:  NO ADMISSION ON THAT COUNT.

25        THE COURT:  NO ADMISSION ON THAT COUNT.

26        AND THEN AS A DIRECT CONSEQUENCE OF ALL OF THAT,

27   THE INDICATED SENTENCE IS 19 YEARS --

28        MR. BONJOUR:  FOUR MONTHS.

LISA HODGES, CSR NO. 7195

2

1          THE COURT:  -- AND FOUR MONTHS.

2      IF IT TURNS OUT -- I'M SORRY.  YOU'RE RIGHT.

3      WELL, I HAVE -- OFF THE RECORD.

4      (PAUSE IN PROCEEDINGS.)

5          THE COURT:  BACK ON THE RECORD.

6      THEN, MR. NAWABI, THAT WILL BE A TOTAL OF 19

7  YEARS, 4 MONTHS.

8          I INDICATED TO YOUR ATTORNEY THAT I WOULD MAKE

9  THAT A NO MORE THAN 19 YEARS, 4 MONTHS, AND HE WILL

10 HAVE THE OPPORTUNITY TO ARGUE TO ME THAT YOU GET LESS

11 THAN, BUT IT IS A POSSIBILITY THAT YOU GET THE FULL

12 AMOUNT OF 19 YEARS, 4 MONTHS.

13     DO YOU UNDERSTAND THAT?

14          THE DEFENDANT:  YES.

15          THE COURT:  ALL OTHER COUNTS AND CLAUSES

16 WILL THEN BE DISMISSED.

17     IS THAT YOUR UNDERSTANDING OF THE DISPOSITION IN

18 YOUR CASE?

19          THE DEFENDANT:  YES.

20          THE COURT:  ALL RIGHT.

21     NOW I HAVE IN MY HAND, MR. NAWABI, A WAIVER ON

22 PLEA OF GUILTY OR NO CONTEST FORM.  ARE THESE YOUR

23 INITIALS IN THE BOXES AND THIS IS YOUR SIGNATURE HERE

24 ON THE BACK?

25          THE DEFENDANT:  YES.

26          THE COURT:  HAVE YOU HAD A SUFFICIENT

27 AMOUNT OF TIME, HAVE YOU HAD ENOUGH TIME TO GO OVER

28 THIS FORM WITH YOUR ATTORNEY?

3

1          THE DEFENDANT:  YES.

2          THE COURT:  AND YOU UNDERSTAND THE RIGHTS

3   THAT YOU HAVE, THE RIGHTS THAT YOU'RE GIVING UP AND

4   THE CONSEQUENCES OF YOUR PLEA?

5          THE DEFENDANT:  YES.

6          THE COURT:  DO YOU HAVE ANY QUESTIONS ABOUT

7   ANY ITEMS ON THIS FORM?

8          THE DEFENDANT:  NO.

9          THE COURT:  MR. BONJOUR, YOU HAD A

10  SUFFICIENT AMOUNT OF TIME TO GO OVER THIS WAIVER FORM

11  AND THE PROPOSED DISPOSITION WITH YOUR CLIENT?

12         MR. BONJOUR:  I HAVE, YOUR HONOR.

13         THE COURT:  AND YOU'RE SATISFIED HE

14  UNDERSTANDS HIS RIGHTS AND THE CONSEQUENCES THEREOF?

15         MR. BONJOUR:  I AM.

16         THE COURT:  AND YOU ALSO HAVE SIGNED THIS

17  FORM?

18         MR. BONJOUR:  I HAVE.

19         THE COURT:  NOW, MR. NAWABI, I CAN TELL YOU

20  THAT I AM GOING TO GIVE YOU STATE PRISON.  THE AMOUNT

21  OF TIME IS NOT GOING TO BE MORE THAN 19 YEARS, 4

22  MONTHS, BUT I AM GOING TO GIVE YOU STATE PRISON.

23      DO YOU UNDERSTAND THAT?

24         THE DEFENDANT:  YES.

25         THE COURT:  NOW, AFTER YOU FINISH YOUR TERM

26  IN STATE PRISON, YOU WILL BE RELEASED ON PAROLE.  THE

27  TERM OF YOUR PAROLE WILL BE DETERMINED BY THE

28  DEPARTMENT OF CORRECTIONS AND THE CONDITIONS OF THAT

4

1   PAROLE.

2        IF YOU VIOLATE ANY OF THE TERMS OR CONDITIONS OF

3   YOUR PAROLE, AFTER YOU FINISH YOUR TERM IN STATE

4   PRISON, THE BOARD OF PRISON TERMS CAN SEND YOU BACK TO

5   STATE PRISON FOR UP TO ONE YEAR FOR EACH VIOLATION.

6        DO YOU UNDERSTAND THAT?

7             THE DEFENDANT:  YES.

8             THE COURT:  YOU ALSO UNDERSTAND THAT IF

9   YOU'RE NOT A CITIZEN OF THE UNITED STATES, CONVICTION

10  OF ANY CRIMINAL OFFENSE COULD RESULT IN YOUR

11  DEPORTATION, EXCLUSION FROM THE UNITED STATES OR

12  DENIAL OF NATURALIZATION.

13       DO YOU UNDERSTAND THAT?

14            THE DEFENDANT:  YES.

15            MR. BONJOUR:  IN THAT REGARD, YOUR HONOR, I

16  INSTRUCTED MR. NAWABI FURTHER THAT AT LEAST ONE OF THE

17  FELONIES HE'S PLEADING TO IS CONSIDERED TO BE AN

18  AGGRAVATED FELONY BY THE IMMIGRATION OF NATURALIZATION

19  SERVICE AND MORE PROBABLY OR NOT WOULD RESULT IN HIS

20  DEPORTATION.

21            THE COURT:  FRANKLY, MR. NAWABI, THAT

22  PROBABLY IS TRUE.  I'M SURE THAT MR. BONJOUR HAS

23  ADVISED YOU TO THAT.  NO ONE, HOWEVER, CAN TELL YOU

24  WHETHER YOU'RE GOING TO BE DEPORTED OR NOT.  SOME

25  JUDGES ADVISE THE CLIENT THAT YOU ARE GOING TO BE

26  DEPORTED AND THEN GO FROM THERE.  I CANNOT PREDICT

27  WHAT I.N.S. IS GOING TO DO IN THIS MATTER, BUT THAT'S

28  WHY I'M ADVISING YOU THAT YOU COULD, CAN BE DEPORTED.

5

```
1        DO YOU UNDERSTAND ALL OF THAT?
2             THE DEFENDANT:  YES.
3             THE COURT:  DO YOU HAVE ANY QUESTIONS ABOUT
4   ANY OF THAT?
5             THE DEFENDANT:  NO.
6             THE COURT:  OKAY.
7        YOU ALSO SHOULD BE ADVISED THAT THESE ARE
8   SERIOUS FELONY OFFENSES AND THAT IF IN THE FUTURE
9   YOU'RE ARRESTED AND CONVICTED OF ANY SERIOUS OR ANY
10  FELONY OFFENES THAT YOU WOULD BE LOOKING AT A LIFE TOP
11  IN STATE PRISON.
12        DO YOU UNDERSTAND THAT?
13             THE DEFENDANT:  YES.
14             THE COURT:  DO YOU HAVE ANY QUESTIONS ABOUT
15  THAT ISSUE?
16             THE DEFENDANT:  NO.
17             THE COURT:  OKAY.
18        YOU ALSO SHOULD BE ADVISED THAT THERE'S GOING TO
19  BE A PAROLE REVOCATION FUND FINE THAT WILL BE EQUAL TO
20  THE RESTITUTION FUND FINE THAT YOU WILL BE REQUIRED TO
21  PAY.
22        DO YOU UNDERSTAND THAT?
23             THE DEFENDANT:  YES.
24             THE COURT:  YOU HAVE A RIGHT TO A SPEEDY,
25  COURT OR JURY TRIAL WHERE THE DISTRICT ATTORNEY HAS
26  THE BURDEN TO PROVE BEYOND A REASONABLE DOUBT THAT A
27  CRIME WAS COMMITTED AND THAT YOU COMMITTED THAT
28  CRIME.
```

6

1          DO YOU UNDERSTAND AND GIVE UP THAT RIGHT?

2              THE DEFENDANT:  YES.

3              THE COURT:  YOU HAVE A RIGHT TO CONFRONT

4    AND CROSS-EXAMINE THE WITNESSES, WHICH MEANS, THROUGH

5    YOUR ATTORNEY, YOU MAY QUESTION ALL WITNESSES

6    PRESENTED AGAINST YOU.

7          DO YOU UNDERSTAND AND GIVE UP THAT RIGHT?

8              THE DEFENDANT:  YES.

9              THE COURT:  YOU ALSO HAVE A RIGHT TO

10   PRESENT EVIDENCE ON YOUR OWN BEHALF AND USE THE

11   SUBPOENA POWER OF THE COURT TO BRING IN ANY WITNESSES

12   WHO MAY HELP YOU IN YOUR DEFENSE AT NO COST TO YOU.

13         DO YOU UNDERSTAND AND GIVE UP THAT RIGHT?

14             THE DEFENDANT:  YES.

15             THE COURT:  YOU ALSO HAVE A RIGHT TO REMAIN

16   SILENT.  NO ONE CAN FORCE YOU TO TESTIFY AGAINST

17   YOURSELF OR SAY ANYTHING THAT MAY TEND TO INCRIMINATE

18   YOU.

19         DO YOU UNDERSTAND AND GIVE UP THAT RIGHT?

20             THE DEFENDANT:  YES.

21             THE COURT:  YOU ALSO HAVE A RIGHT TO APPEAL

22   ANY ISSUES AND MAKE ANY MOTIONS THAT MIGHT APPLY TO

23   YOUR PARTICULAR CASE.

24         DO YOU UNDERSTAND AND GIVE UP THOSE RIGHTS?

25             THE DEFENDANT:  YES.

26             THE COURT:  HAS ANYONE PROMISED YOU

27   ANYTHING OTHER THAN WHAT'S BEEN STATED IN OPEN COURT?

28             THE DEFENDANT:  NO.

7

```
1              THE COURT:  HAS ANYBODY THREATENED YOU,
2    FORCE YOU TO ENTER THIS PLEA AND GIVE UP YOUR RIGHTS?
3              THE DEFENDANT:  NO.
4              THE COURT:  YOU'RE DOING SO FREELY AND
5    VOLUNTARILY WITH FULL KNOWLEDGE OF ALL THE RIGHTS THAT
6    YOU HAVE?
7              THE DEFENDANT:  YES.
8              THE COURT:  COUNSEL, THIS PLEA IS WITH YOUR
9    CONSENT?
10             MR. BONJOUR:  IT IS, YOUR HONOR.
11             THE COURT:  IS THERE A STIPULATED FACTUAL
12   BASIS?
13             MR. BROWN:  YES.
14             MR. BONJOUR:  MAY I APPROACH?
15             THE COURT:  YOU MAY.
16        IS THERE A STIPULATED FACTUAL BASIS?
17             MR. BONJOUR:  THERE IS, YOUR HONOR.
18             MR. BROWN:  YES.
19             THE COURT:  I FIND THE DEFENDANT HAS BEEN
20   FULLY ADVISED.  HE UNDERSTANDS HIS CONSTITUTIONAL
21   RIGHTS, FREELY, VOLUNTARILY, KNOWINGLY AND
22   INTELLIGENTLY WAIVED THOSE RIGHTS.
23        I FURTHER FIND THERE IS A FACTUAL BASIS FOR THE
24   PLEA BASED UPON MY REVIEW OF THE FILE.
25        LET ME FURTHER ADVISE YOU, MR. NAWABI, THAT TWO
26   OF THESE MATTERS ARE REGISTERABLE OFFENSES UNDER
27   SECTION 290 OF THE PENAL CODE, AND YOU MUST SUBMIT
28   BLOOD AND SALIVA SAMPLES UNDER SECTION 296 OF THE
```

8

1  PENAL CODE.

2      DO YOU UNDERSTAND BOTH OF THOSE MATTERS?

3          THE DEFENDANT:  YES.

4          THE COURT:  ALL RIGHT.

5      AND I'M GOING TO SIGN THE 296 AT THIS POINT.

6      YOU STILL WISH TO PROCEED WITH THIS MATTER?  YOU

7  STILL WISH TO PROCEED?

8          THE DEFENDANT:  YES.

9          THE COURT:  ALL RIGHT.

10      WHAT IS YOUR PLEA TO ON OR ABOUT DECEMBER 12TH,

11  1996, YOU COMMITTED A FELONY, A VIOLATION OF SECTION

12  211 IN THE FIRST DEGREE, THAT IS A RESIDENTIAL

13  ROBBERY:  GUILTY OR NO CONTEST?

14          THE DEFENDANT:  NO CONTEST.

15          THE COURT:  I'LL ACCEPT THE NO CONTEST PLEA

16  AND MAKE A FACTUAL FINDING OF GUILT.

17      WHAT IS YOUR PLEA TO DURING THE COMMISSION OR

18  ATTEMPTED COMMISSION OF THE ABOVE OFFENSE, THAT IS THE

19  FIRST DEGREE ROBBERY IN COUNT TWO, YOU PERSONALLY USED

20  A DEADLY OR DANGEROUS WEAPON, TO WIT, A KNIFE:  GUILTY

21  OR NO CONTEST?

22          THE DEFENDANT:  NO CONTEST.

23          THE COURT:  I'LL ACCEPT THE NO CONTEST PLEA

24  AND MAKE A FACTUAL FINDING OF GUILT.

25      WHAT IS YOUR PLEA TO COUNT FOUR, AND THAT IS A

26  VIOLATION OF SECTION 289 THAT OCCURRED ON OR ABOUT

27  DECEMBER 12TH OF 1996, A VIOLATION OF SECTION 289 AS

28  STATED IN COUNT FOUR OF THIS INFORMATION:  GUILTY OR

9

1    NO CONTEST?

2                   THE DEFENDANT:   NO CONTEST.

3                   THE COURT:   I'LL ACCEPT THE NO CONTEST PLEA

4    AND MAKE A FACTUAL FINDING OF GUILT.

5         WHAT IS YOUR PLEA TO DURING THE COMMISSION OR

6    ATTEMPTED COMMISSION OF THE ABOVE OFFENSE THAT IS IN

7    COUNT FOUR, YOU, PERSONALLY, USED A DEADLY OR

8    DANGEROUS WEAPON, TO WIT, A KNIFE:   GUILTY OR NO

9    CONTEST?

10                  THE DEFENDANT:   NO CONTEST.

11                  THE COURT:   I'LL ACCEPT THE NO CONTEST PLEA

12   AND MAKE A FACTUAL FINDING OF GUILT.

13        WHAT IS YOUR PLEA TO ON OR ABOUT DECEMBER 12TH

14   OF 1996, YOU COMMITTED A FELONY, A VIOLATION OF

15   SECTION 286(C) OF THE PENAL CODE, AS CHARGED IN COUNT

16   FIVE OF THIS INFORMATION:   GUILTY OR NO CONTEST?

17                  THE DEFENDANT:   NO CONTEST.

18                  THE COURT:   I'LL ACCEPT THE NO CONTEST PLEA

19   AND MAKE A FACTUAL FINDING OF GUILT.

20        MADAM CLERK, ALL OTHER COUNTS AND CLAUSES WILL

21   BE DISMISSED PURSUANT TO THE NEGOTIATED DISPOSITION.

22        MR. NAWABI, YOU HAVE A RIGHT TO A SENTENCING

23   HEARING IN 20 COURT DAYS.   DO YOU WISH TO WAIVE THAT

24   RIGHT OR NOT?

25                  THE DEFENDANT:   YES.

26                  THE COURT:   WE'LL SHOW A TIME WAIVER FOR

27   SENTENCE, MADAM CLERK.

28                  MR. BONJOUR:   AT LEAST SIX WEEKS, PLEASE.

10

1          THE CLERK:  APRIL 2ND, 9:05 IN DEPARTMENT

2    32.

3          MR. BONJOUR:  THAT'S FINE.

4          THE COURT:  IT WILL BE APRIL 2ND, 9:05 IN

5    DEPARTMENT 32.

6       ANYTHING FURTHER?

7          MR. BONJOUR:  NO, YOUR HONOR.

8          THE COURT:  THAT WILL BE THE ORDER.

9          MR. BONJOUR:  I TAKE IT HE DOES NOT SIGN

10   THIS ORDER?

11         THE COURT:  NO.

12            (PROCEEDINGS ADJOURNED.)

13                 ---oOo---

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    STATE OF CALIFORNIA   )
                           )          SS
2    COUNTY OF ALAMEDA     )

3

4

5

6           I, LISA HODGES, A CERTIFIED SHORTHAND

7    REPORTER, DO HEREBY CERTIFY THAT THE FOREGOING IS A

8    FULL, TRUE AND ACCURATE TRANSCRIPT OF MY SHORTHAND

9    NOTES TAKEN OF THE AFOREMENTIONED PROCEEDINGS AT THE

10   TIME AND PLACE THEREIN INDICATED.

11           IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY

12   HAND THIS FEBRUARY 22, 1999.

13

14                     _Lisa Hodges_____
                       LISA HODGES, CSR #7195
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2       IN AND FOR THE COUNTY OF ALAMEDA

3      BEFORE THE HONORABLE VERNON NAKAHARA

4             DEPARTMENT NO. 32

5                 --oOo--

6

7    PEOPLE OF THE STATE OF CALIFORNIA,

8             Plaintiff,

9        vs.                              No.    H23388

10   IDRIS JAVIER NAWABI,

11            Defendant.

12   _____/

13

14              REPORTER'S TRANSCRIPT OF

15        PRISON COMMITMENT PROCEEDINGS

16            FRIDAY, APRIL 2, 1999

17                 --oOo--

18           HAYWARD HALL OF JUSTICE

19   AMADOR STREET, HAYWARD, CALIFORNIA

20                 --oOo--

21            A P P E A R A N C E S

22   For the People:      THOMAS J. ORLOFF, District Attorney
                          BY:  MARTIN BROWN, Deputy
23
     For the Defendant:   JULES BONJOUR, Attorney
24

25

26

27

28   Reported by:         RACHAEL A. MILLER
                          CSR NO. 11099

ENDORSED
FILED

APR 27 1999

RONALD G. OVERHOLT Exec. Officer
By Veronica Frank Deputy

COPY

The foregoing instrument is a true and correct copy of the original on file in this office.

ATTEST:

APR 2 9 1999

Ronald G. Overholt, Clerk of the Superior Court of California, County of Alameda

By_____ Deputy

```
 1                    FRIDAY, APRIL 2, 1999

 2                        --oOo--

 3         The matter of the People of the State of California

 4    versus IDRIS NAWABI, Defendant, Case Number H23388, came

 5    on regularly before the Honorable VERNON NAKAHARA, Judge

 6    of the Superior Court of the State of California, for the

 7    County of Alameda, Department Number 32.

 8         The People were represented by MARTIN BROWN, Deputy

 9    District Attorney.

10         The Defendant, IDRIS NAWABI, was present and

11    represented by JULES BONJOUR, Esquire.

12         The following proceedings were then had:

13                        --oOo--

14         THE COURT:  Idris Nawabi.

15         MR. BONJOUR:  That matter's ready.  Jules

16    Bonjour appearing on behalf of Mr. Nawabi.

17         THE COURT:  I need to -- Mr. Bonjour, I need

18    to get one thing in chambers.

19         Okay.  This matter's on for sentencing.  Waive

20    formal reading, arraignment?

21         MR. BONJOUR:  Yes, Your Honor.

22         THE COURT:  Any legal cause?

23         MR. BONJOUR:  No.

24         THE COURT:  For the record, let me indicate

25    that --

26         MR. BONJOUR:  I would like to address the

27    Court, however, before you do impose sentence.

28         THE COURT:  Right.  For the record then I have
```

1    read and considered the lengthy probation report in this

2    matter.

3         I have read and considered all the materials that

4    have been submitted by Mr. Bonjour, including the report

5    by Dr. Wornian, which is a very lengthy report.  I've read

6    the transcript on the change of plea, and I also have

7    the -- the letter by Ms. Ryals, who is his previous

8    attorney, the letter from the Nawabi family, the probation

9    report I said, and also the two-page letter from the

10   victim in this matter that Ms. Elaine Lopes from the

11   Victim-Witness Program has submitted to the Court.

12        Those are the items that I have considered in this

13   particular case.  Mr. Brown or Mr. Bonjour, is there

14   anything further?

15             MR. BONJOUR:  There's one additional document,

16   Your Honor, that I didn't give to the Court.  It's a short

17   note, but it's signed by many members of the Afghan

18   community expressing their support for Mr. Nawabi.

19             THE COURT:  Mr. Brown.

20             MR. BROWN:  I have nothing to submit to the

21   Court.

22             THE COURT:  Do you want to see this?

23             MR. BROWN:  No.  That's fine.

24             THE COURT:  Okay.  Any further comments?

25             MR. BONJOUR:  Yes, Your Honor.  Yesterday

26   afternoon, Mr. Powell at the probation department faxed to

27   me a copy of his report, and attached to that report was

28   the two-page letter from the victim in this case.

1          It was a powerful reminder of what a terrible crime

2     this is, and I must say it took me a few minutes to

3     recover from an emotional impact that it had on me.   Then

4     I re-read Dr. Wornian's report, and what I felt after

5     reading that was that while this was a terrible crime, it

6     was not committed by a terrible person, but committed by a

7     person who had experienced a terrible life.

8          I think we're all the product of our experiences as

9     children and as young adults.  And if a child is subjected

10    to physical abuse, sexual abuse, watching his mother

11    abused in his presence, dislocated from his home by a

12    terrible war, and then transported to a foreign country

13    and left to his own devices, deals with his pain by the

14    use of drugs, it's a way of understanding how all of this

15    anger that he had was one terrible night directed at a

16    totally innocent person.

17         Dr. Wornian observed, and I'll quote from the

18    report, "His has been a world in which violence appears to

19    have been an almost routine and taken for granted feature

20    of everyday life.  He has, not surprisingly, adapted to

21    the demands of this world by becoming prone to engaging in

22    acts of violence himself."

23         He then gave Idris a number of tests, and those

24    tests revealed a person who is suffering from probable

25    brain impairment.  The measure of his intellectual

26    functioning was within the mentally retarded range, and

27    concluded he manifested signs of the post-traumatic stress

28    disorder.

1      Dr. Wornian concluded by saying Mr. Nawabi needs to

2  be placed in a well structured and well supervised for the

3  living situation, in quote.  Dr. Wornian recommends this

4  facility be one where Mr. Nawabi can receive treatment for

5  both his post-traumatic and his substance abuse.

6      And the issue before the Court this morning is how

7  long should that period and that structured setting be.  I

8  would like the Court to consider, in addition to Dr.

9  Wornian's report, the fact that Idris was 20 years old at

10  the time he committed this offense; that his prior record

11  was insubstantial, consisting of 22 misdemeanors and a

12  number of traffic violations, and that he has undergone a

13  transformation while in custody during the last year, in

14  large part, I think, because of the fact he's been drug

15  free and he has established reunification with his family;

16  that is his mother and his sisters, and his brother, and

17  he finally realized that rather than being ostracized from

18  the family, being excluded from the family, they truly

19  love him, and they want him to be a member of the family.

20      The Court indicated that you would be sentencing Mr.

21  Nawabi to no more than 19 years and four months.  I would

22  ask the Court to consider a sentence of 13 years as

23  follows:  On Count Four, the principal term, the mid term

24  of six years, plus four years on the use of the knife,

25  which is the mid term of the use enhancement; on Count

26  Five, three years, the mitigated term consecutive; and on

27  Count Two, three years plus one year for the knife,

28  imposition of sentence suspended.

1          I believe that those 13 years combined with the fact

2     that at time of the plea I voir dired Mr. Nawabi on the

3     fact that he was pleading to an aggravated felony for the

4     purposes of immigration and naturalization and it

5     undoubtedly at the completion of his prison sentence he

6     would be deported that the 13 years combined with the

7     deportation is a significant sentence and punishment that

8     both reflects what Mr. Nawabi did.

9          I hope this also offers some protection and

10    assurance for the victim who certainly underwent a

11    terrible experience, and in the end would satisfy what I

12    hope we're all here to achieve and that is some form of

13    justice.

14         There's a large contingency of the Nawabi family

15    here in court, and his sister would ask the Court

16    permission to speak for just two minutes, three minutes,

17    so she can express her feelings.

18              THE COURT:  All right.  Please, first of all,

19    state your name for the record.

20              MS. NAWABI:  My name is Jasmine Nawabi.  I'm

21    Idris' sister.

22              THE COURT:  Make sure you speak up also.

23              MS. NAWABI:  I'm speaking for my family, my

24    brother and myself, and what I'm about to say is coming

25    straight from my heart.  And I believe my brother should

26    be given a second chance, because ever since I've known

27    him he's lived an agonizing life, and that shouldn't be

28    the excuse for what he's done, for what crime he's

1    committed, but, Your Honor, consider that he hasn't had

2    much of a life.

3        It's a painful, sad life, and you can't put him away

4    for having this life, you know.  I mean, I -- I know I

5    feel sympathy for the victim, but you can't put him away

6    for half his life, because he deserves a second chance.

7    He's a changed person.  In the letters he writes, when we

8    go to visit him, to tell that he's changed.

9        I just -- I'm just asking for your Court to have

10   some mercy on my brother.  Thank you.

11               THE COURT:  Thank you.

12               MR. BONJOUR:  Thank you, Your Honor.

13               THE COURT:  All right.  Mr. Brown, anything

14   further?

15               MR. BROWN:  Well, Your Honor, I want to speak a

16   few moments for the victim in this case.  You know, the

17   defendant may have had a very sad and unfortunate life,

18   but he went out and hunted and found the victim in this

19   case.

20        He broke into her residence and for three hours

21   terrorized her and did unspeakable things to her.  These

22   are things that she will never recover from.  These are

23   traumas she will live with the rest of her life.

24        I do not believe in jailhouse transformation.  I

25   believe the Court should impose the maximum sentence of 19

26   years, four months based on the harm that was done to the

27   victim in this case and because of all the factors that

28   Wornian refers to.  I believe they show the defendant to

1   be a continuing danger and member to society, so I would

2   ask the Court to impose 19 years, four months.

3           MR. BONJOUR:  Just a brief comment.  He did not

4   hunt out the victim.  This was a crime of opportunity.  He

5   thought the residence was unoccupied.  Unfortunately, it

6   was not unoccupied.  He did not hunt her or seek her out.

7           THE COURT:  Okay.  Let me see the attorneys up

8   here just for a moment.

9           (Whereupon a discussion was held at the bench.)

10          THE COURT:  Okay.  Then back on the record.

11  The Court has, as I indicated, read and considered all of

12  those matters, including what has been presented here this

13  morning, and I am ready to sentence Mr. Nawabi, unless

14  there's anything further.  Mr. Brown?

15          MR. BROWN:  Submitted.

16          THE COURT:  Mr. Bonjour?

17          MR. BONJOUR:  Submitted.

18          THE COURT:  Matter being submitted, it is the

19  sentence and judgment of this Court as follows:  And that

20  is, with respect to Count Four, Madam clerk, that is a

21  violation of Section 289, the Court is going to use the

22  aggravated term of eight years in state prison.  The

23  aggravation is because the crime involved great violence,

24  great bodily injury, a high degree of cruelty and

25  viciousness.

26          With respect to the use clause, the Court is using

27  the mid term of four years.  That is the use clause as to

28  Count Four.  That will be the mid term of four years.  So

1    on Count Four, Madam clerk, that will be 12 years in state

2    prison.

3          With respect to Count Five, the Court -- that's a

4    violation of Section 286(C)(3) the Court is going to use the

5    mid term of six years.  That six years in Count Five is to

6    run consecutive to the 12 years in Count Four.  With

7    respect to the Count Two, that is a violation of Section

8    211.  The Court is going to use the mitigated term on the

9    211 of three years.  One-third the mid term -- one-third

10   of that would be one year, and then the use clause as to

11   Count Two, Madam clerk, that would be four months.

12         So on Count Two, that would be a total of one year,

13   four months.  That one year, four months is to run

14   consecutive to the six years in Count Five, to the four

15   years in -- I'm sorry -- to the 12 years in Count Four.

16         That will be a total of 19 years, four months, and

17   that will be served at 85 percent.

18              MR. BROWN:  Your Honor, as to Count Two, the

19   211, I believe three years is the middle term.

20              THE COURT:  No.  I think -- do you show that as

21   the mid?  I show it is --

22              MR. BROWN:  Two, three, four.  Two, three,

23   five.

24              THE COURT:  I show it is a four, five, six.

25              MR. BROWN:  Is it charged 211?

26              THE COURT:  First.

27              MR. BONJOUR:  Yeah.

28              MR. BROWN:  Okay.  All right.

1            THE COURT:  All right.  So that will be 19
2    years, four months in state prison.  He has how many
3    actual?
4            THE BAILIFF:  842 actual.
5            THE COURT:  I'm sorry.
6            THE BAILIFF:  842 actual plus 127 Sage for a
7    total of 969 dates credit for time served.  That's at 85
8    percent.
9            THE COURT:  That's at 85 percent.  The Court
10   will also assess a restitution fund fine in the amount of
11   $10,000.  There will be a similar parole revocation fund
12   fine of $10,000 that will be suspended.
13       He is remanded into the custody of the sheriff's
14   department to be delivered to the Department of
15   Corrections for the service of the sentence.
16       And, Mr. Nawabi, it is one of the -- I did read all
17   of the stuff concerning your particular background, and
18   frankly, I agree with Mr. Bonjour is that your life has
19   been one of hell.
20       On the other hand, I think that on this particular
21   occasion, hell started for your particular victim.  And
22   I've considered all of the materials submitted to me, and
23   I believe that is a fair and just sentence in this case.
24       Anything further?
25            MR. BONJOUR:  No, Your Honor.
26            MR. BROWN:  No.
27            THE COURT:  All right.  That will be the
28   order.

1                    (Whereupon the matter was adjourned.)

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ENDORSED
FILED
ALAMEDA COUNTY

AUG 1 8 2003

CLERK OF THE SUPERIOR COURT
By ____ MARILYN SAGE ____
Deputy

1

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

BEFORE THE HONORABLE GARY M. PICETTI, JUDGE

DEPARTMENT NO. 513

THE PEOPLE OF THE STATE                          No. H23388
OF CALIFORNIA,

      Plaintiff,

vs.

IDRIS JAVIER NAWABI,

      Defendant.
_____/

COPY

REPORTER'S TRANSCRIPT OF PROCEEDINGS

PROCEEDINGS ON SENTENCE-STATE PRISON COMMITMENT

HAYWARD HALL OF JUSTICE
HAYWARD, CALIFORNIA

(FRIDAY, AUGUST 8, 2003)

APPEARANCES:

For the People:                          CHRIS LAMIERO
                                         Deputy District Attorney

For the Defendant:                       JULES BONJOUR
                                         Attorney at Law

Reported by: Brenda A. Scott, CSR #6336

2

1              FRIDAY, AUGUST 8, 2003, 11:44 A.M.

2                         PROCEEDINGS

3                         ---o0o---

4

5          MR. BONJOUR:  Good morning.  Could we call line 13

6    on the 9:05 calendar, and can Mr. Lamiero and I approach on

7    that?

8          (Off-the-record discussion at the bench.)

9          THE COURT:  All right.  Calling the matter of

10   People versus Idris Javier Nawabi.

11              Counsel state their appearances, please.

12         MR. BONJOUR:  Yes.  Good morning.  Jules Bonjour

13   for Mr. Nawabi.  He's not present.  He's in custody in state

14   prison.

15         MR. LAMIERO:  Chris Lamiero for the People.

16         MR. BONJOUR:  I asked the matter be put on calendar

17   to be -- to correct the Abstract of Judgment that was

18   sentenced to state prison indicating that Mr. Nawabi was

19   convicted of 286(c), sex with a minor, a person under the age

20   of 14.

21              I've shown I hope to the Court's satisfaction and,

22   in fact, he pled to Count 5 of the Information which was

23   sodomy by threat or retaliation.  ~~The victim in this case all~~

24   ~~parties will agree was 15 years old.~~  The offense was serious.

25   The mischaracterization of the offense is causing problems

26   for Mr. Nawabi as the Court might understand.

27              I'm asking that the Abstract of Judgment be amended

28   to show that he was convicted of an -- an offense, 286(c)(3),

1   sodomy by threat of retaliation, and that that corrected

2   Abstract be sent to the Department of Corrections.

3           THE COURT:  All right.  So we're still talking

4   about Count 5.  We're just changing the offense and the

5   description of the offense, am I correct?

6           MR. BONJOUR:  Yes.

7           THE COURT:  That seems to be consistent with the

8   Abstract or, excuse me, with the transcript of the plea and

9   the Information just pled to.  So your motion to amend the

10  Abstract of Judgment to reflect -- instead of 286 of the Penal

11  Code to reflect 286(c)(3).  Are those both parens?

12          MR. BONJOUR:  Yes.  Paren small C and paren 3.

13          THE COURT:  Okay.  And we'll also amend the

14  description of the crime to be sodomy by threat or

15  retaliation.  Otherwise, the new Abstract of Judgment will be

16  exactly the same.

17          The sentencing and everything imposed are all

18  correct, is that right?

19          MR. BONJOUR:  That is correct.

20          THE COURT:  All right, so ordered.

21          MR. BONJOUR:  Thank you.

22          THE COURT:  The main thing is that we make that

23  change on Count 5, 286 with small C and a 3 in parens, and

24  that we just change the definition.

25          THE CLERK:  Okay.

26          THE COURT:  Here it shows sodomy with a person 14

27  which is incorrect.  Now it will show sodomy by threat or

28  retaliation.  Otherwise everything else is exactly the same.

4

1         MR. BONJOUR:  Can you give me the best estimate,

2    how long will that take to get sent off to the Department of

3    Corrections?

4         THE CLERK:  When that goes down today, I don't know

5    how soon.  I can write urgent on it to make sure it gets

6    priority.

7         MR. BONJOUR:  Thanks very much.

8

9         (Proceedings concluded at 11:50 a.m.)

10                      ---o0o---

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

1

2

3    State of California          )

4                                 )    ss.

5    County of Alameda            )

6

7

8

9            I, Brenda A. Scott, Official Court Reporter of the

10   Superior Court, County of Alameda, State of California, do

11   hereby certify that the foregoing transcript in the matter of

12   **People vs. Nawabi** comprise a full, true and accurate

13   transcript of the proceedings had in the within entitled

14   matter, recorded by me by computer-assisted stenotype at the

15   time and place therein stated.

16            In compliance with Section 8016 of the Business and

17   Professions Code, I certify under penalty of perjury that I am

18   a Certified Shorthand Reporter with license number 6336 in

19   full force and effect.

20            Witness my hand this 12th day of August, 2003.

21

22

23                              Brenda A. Scott,
                                Certified Shorthand Reporter

24

25

26

27

28

# EXHIBIT 2

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**     Dept. No. 008

Date: March 28, 2007  Hon. VERNON K. NAKAHARA, Judge          Kristi O'Hern, Deputy Clerk.
                                                             Not Reported, Reporter

---

IN RE
IDRIS JAVIER NAWABI                          Counsel appearing      No Appearance
                                             for Petitioner

        Petitioner

vs.                                          Counsel appearing      No Appearance
                                             for Respondent

PEOPLE OF THE STATE OF CALIFORNIA
        Respondent

---

Nature of Proceedings:  **ORDER OF THE COURT**          **CASE NO. H23388**
                        **REGARDING PETITION FOR**      **PFN: AWW161**
                        **WRIT OF HABEAS CORPUS**        **CEN: 6202632**

---

This Court, having reviewed the Petition for Writ of Habeas Corpus filed on <u>**January 31, 2007**</u>

by Petitioner **IDRIS JAVIER NAWABI**,  **NOW HEREBY ORDERS**:

The Petition for Writ of Habeas Corpus is **DENIED**.

Please find the enclosed Endorsed Filed copy of Judge Nakahara's order signed and filed <u>**March 28, 2007**</u>.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause.
I served **ORDER OF THE COURT** by placing copies in envelopes addressed as shown below and then by sealing
and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below,
in the United States mail at Alameda County, California, following standard court practices.

Dated: March 28, 2007

By _____
    Kristi O'Hern, Deputy Clerk

NAWABI ORDER ON WRIT

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ALAMEDA

IN RE

INDRIS JAVIER NAWABI,

                    Petitioner.

No. H23388

ENDORSED
FILED
ALAMEDA COUNTY

MAR 2 8 2007

CLERK OF THE SUPERIOR COURT
By___KRISTI O'HERN
DEPUTY

ORDER
RE: Denying Petition for
Writ of Habeas Corpus

This Court having reviewed the Petition for Writ of Habeas Corpus ("Petition") filed on January 31, 2007 by Petitioner INDRIS JAVIER NAWABI ("Petitioner"), **NOW HEREBY ORDERS:**

The Petition is denied.

Petitioner contends that the trial court erred in imposing the aggravated term in his case citing *Cunningham v. California* (Jan. 22, 2007, No. 05-6551) 549 US. ____ , 2007 WL 135687 (*Cunningham*). On February 19, 1999, Petitioner pled no contest to one count of sodomy, one count of vaginal penetration by a foreign object and one count of 1st degree robbery. On April 2, 1999, Petitioner was sentenced to 19 years and 4 months in prison. This Court imposed the aggravated term on the vaginal penetration count, and the middle term on the other two counts, which ran consecutive. Petitioner's time to appeal expired June 1, 1999. (See former Cal. Rule of Court, rule 30.1, subd. (a); Cal. Rule of Court, rule 8.308, subd. (a).)

*Cunningham* relied on *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*), *Ring v. Arizona* (2002) 536 U.S. 584, *Blakely v. Washington* (2004) 542 U.S. 296, and *United States v. Booker* (2005) 543 U.S. 220. As such, it does not appear that *Cunningham* announced a new rule. (See *Saffle v. Parks* (1990) 494 U.S. 484, 488.) Therefore, this Court does not believe *Cunningham* applies only to cases not yet final as of January 22, 2007, the date of the decision. *Apprendi* is the earliest of cases in which *Cunningham* relies on, and *Apprendi* was decided on June 26, 2000. Assuming that *Apprendi* is controlling, numerous federal courts have held that *Apprendi* is not retroactive to cases final as of the date of the *Apprendi* decision. (See *United States v. Jenkins* (3d Cir. 2003) 333 F.3d 151, 153-154; *United States v. Sanders* (4th Cir. 2001) 247 F.3d 139, 149-151; *United States v. Brown* (5th Cir. 2002) 305 F.3d 304, 309; *Curtis v. United States* (7th Cir. 2002) 294 F.3d 841, 842; *United States v. Moss* (8th Cir. 2001) 252 F.3d 993, 999-1000; *United States v. Sanchez-Cervantes* (9th Cir. 2002) 282 F.3d 664, 669-670; *United States v. Mora* (10th 2002) 293 F.3d 1213, 1218; *McCoy v. United States* (11th Cir. 2001) 266 F.3d 1245, 1257-1258.) This Court is persuaded by the federal authorities cited herein and finds that *Apprendi* is not retroactive to cases that had been final as of the date of the decision. Petitioner's conviction was final as of the *Apprendi* decision, therefore, *Apprendi* does not apply to his case.

DATED: __MAR 2 8 2007__

VERNON NAKAHARA
_____
JUDGE VERNON NAKAHARA

# EXHIBIT 3

Name IDRIS JAVIER NAWABI

Address CALIFORNIA MEN'S COLONY ST. PRISON

P.O. BOX 8101 / U2-17-45L

SAN LUIS OBISPO, CA 93409-8101

CDC or ID Number P-41591

ORIGINAL
FILED
APR 26 2007
Court of Appeal-First App. Dist.
DIANA HERBERT
By_____ Deputy

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST DISTRICT COURT OF APPEAL
(Court)

DIVISION THREE

| | |
|---|---|
| IDRIS JAVIER NAWABI | PETITION FOR WRIT OF HABEAS CORPUS |
| Petitioner | |
| vs. | No. _____ |
| PEOPLE OF THE STATE OF CALIFORNIA | (To be supplied by the Clerk of the Court) |
| Respondent | |

A117491

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

| | | |
|---|---|---|
| Form Approved by the Judicial Council of California MC-275 [Rev. July 1, 2005] | **PETITION FOR WRIT OF HABEAS CORPUS** | Penal Code, § 1473 et seq.; Cal. Rules of Court, rule 60(a) |
| | | American LegalNet, Inc. www.USCourtForms.com |

**This petition concerns:**

☒ A conviction              ☐ Parole

☒ A sentence                ☐ Credits

☐ Jail or prison conditions  ☐ Prison discipline

☒ Other (specify): ORDER IMPOSING PRISON TERM

1. Your name: IDRIS JAVIER NAWABI

2. Where are you incarcerated? CALIFORNIA MEN'S COLONY ST. PRISON

3. Why are you in custody? ☒ Criminal Conviction   ☐ Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   PENETRATION OF VAGINAL / WITH USE OF A DEADLY WEAPON, SODOMY AND
   ROBBERY - 1ST DEGREE / WITH USE OF A DEADLY WEAPON.

   b. Penal or other code sections: P.C. 289, P.C 286(c)(3), P.C. 211, 12022.3(a) and 12022(b)

   c. Name and location of sentencing or committing court: SUPERIOR COURT OF ALAMEDA COUNTY
   1225 FALLON STREET, DEPARTMENT 8, OAKLAND, CALIFORNIA 94612

   d. Case number: H23388

   e. Date convicted or committed: FEBRUARY 19, 1999

   f. Date sentenced: APRIL 2, 1999

   g. Length of sentence: 19 YEARS AND 4 MONTHS

   h. When do you expect to be released? JUNE 7, 2013

   i. Were you represented by counsel in the trial court? ☒ Yes.   ☐ No. If yes, state the attorney's name and address:
   JULES BONJOUR,
   ATTORNEY AT LAW

4. What was the LAST plea you entered? *(check one)*

   ☐ Not guilty  ☐ Guilty  ☒ Nolo Contendere  ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☐ Jury  ☐ Judge without a jury  ☐ Submitted on transcript  ☐ Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

THE TRIAL COURT IMPOSED AN ILLEGAL AGGRAVATED TERM (UPPER TERM) ON COUNT 4-
P.C. 289 BASED ON FACTS NOT FOUND TRUE BY A JURY, WHICH IS AND WAS
UNCONSTITUTIONAL UNDER CUNNINGHAM V. CALIFORNIA, U.S. SUPREME COURT HELD
THAT A DEFENDANT HAS A CONSTITUTIONAL RIGHT TO HAVE A JURY DETERMINE
BEYOND A REASONABLE DOUBT ALL FACTS LEGALLY ESSENTIAL TO HIS SENTENCE.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. (If available, attach declarations, *relevant records, transcripts,* or *other documents supporting your claim*.) (ATTACHED)

IN THE INSTANT MATTER, ON APRIL 2, 1999, THE TRIAL COURT SENTENCED PETITIONER
TO 19 YEARS AND 4 MONTHS IN THE STATE PRISON, COMPUTED AS FOLLOWS:
THE UPPER TERM OF EIGHT YEARS ON COUNT 4 BASED ON AGGRAVATING FACTORS FOUND
BY THE JUDGE AND A CONSECUTIVE FOUR YEARS ENHANCEMENT FOR USE OF A
DEADLY WEAPON AND A CONSECUTIVE MIDDLE TERM OF SIX YEARS ON COUNT 5
AND A CONSECUTIVE MIDDLE TERM (1/3 THE MID TERM) OF ONE YEAR ON
COUNT 2 AND A CONSECUTIVE FOUR MONTHS FOR USE OF A DEADLY WEAPON.
PETITIONER CONTENDS THAT THE MIDDLE TERM OF SIX YEARS ON COUNT 4-
P.C. 289 SENTENCE IS THE HIGHEST TERM THAT CAN BE IMPOSED BASED ON
JURY'S VERDICT ALONE, IT IS UNCONSTITUTIONAL TO ALLOW A JUDGE
TO IMPOSE A HIGH SENTENCE (UPPER TERM) BASED ON FACTS THAT WERE
NOT FOUND BY THE JURY TO BE TRUE BEYOND A REASONABLE DOUBT. THE
TWO-YEARS ELEVATION BASED ON JUDICIAL FACTFINDING DENIED PETITIONER
HIS CONSTITUTIONAL RIGHT TO A JURY TRIAL.

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

JONES V. UNITED STATES, 526 U.S. 227 (1999), ALMENDAREZ TORREZ V. UNITED STATES,
523 U.S. 224, 239-247 (1998), APPRENDI V. NEW JERSEY (2000) 530 U.S. 466, RING V. ARIZONA-
(2002) 536 U.S. 584, BLAKELY V. WASHINGTON (2004) 542 U.S. 296, UNITED STATES V.-
BOOKER (2005) 543 U.S. 220 AND CUNNINGHAM V. CALIFORNIA (2007) U.S. LEXIS 1324 →
(CONTINUED ON PAGE FOUR OF SIX - b. SUPPORTING CASES, RULES, OTHER AUTHORITY)

MC-275 [Rev. July 1, 2005]            **PETITION FOR WRIT OF HABEAS CORPUS**            Page three of six

**7.** Ground 2 or Ground _____ *(if applicable):*

_____

_____

_____

_____

a. Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b. Supporting cases, rules, or other authority (CONTINUED FROM PAGE THREE OF SIX-b. SUPPORTING CASES, RULES, OR AUTHORITIES

HELD THAT CALIFORNIA D.S.L. IS UNCONSTITUTIONAL, BY PLACING SENTENCE

ELEVATING FACTFINDING WITHIN THE JUDGE'S PROVINCE, VIOLATES A

DEFENDANT'S RIGHT TO TRIAL BY JURY SAFEGUARDED BY THE SIX AND

FOURTEENTH AMENDMENTS TO FIND AGGRAVITING FACTORS TO BE TRUE

TO JUSTIFY FOR IMPOSING THE AGGRAVATED TERM. UNDER THE U.S. SUPREME

COURT CASE-LAWS CITED HEREIN, THE MIDDLE TERM IS A RELEVANT STATUTORY-

MAXIMUM CAN BE IMPOSED BY A JUDGE.

8. Did you appeal from the conviction, sentence, or commitment?     ☐ Yes.  ☒ No.  If yes, give the following information:

   a.  Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"): _____

   b.  Result _____     c.  Date of decision: _____

   d.  Case number or citation of opinion, if known: _____

   e.  Issues raised:  (1) _____

            (2) _____

            (3) _____

   f.  Were you represented by counsel on appeal?   ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:

     _____

9. Did you seek review in the California Supreme Court?   ☐ Yes  ☒ No.   If yes, give the following information:

   a.  Result _____     b.  Date of decision: _____

   c.  Case number or citation of opinion, if known: _____

   d.  Issues raised:  (1) _____

            (2) _____

            (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

   PETITIONER DID NOT MAKE THIS CLAIM ON APPEAL BECAUSE AT THE TIME OF PETITIONER'S SENTENCING, I.E., PRIOR TO APPRENDI, IT WOULD HAVE BEEN FUTILE BECAUSE CALIFORNIA CASE LAW, STATUTES, RULES WOULD HAVE REMAINED A BARRIER TO HIS CLAIM.

11. Administrative Review:

   a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].)  Explain what administrative review you sought or explain why you did not seek such review:

     N/A _____

     _____

     _____

     _____

     _____

     _____

     _____

   b.  Did you seek the highest level of administrative review available?   ☐ Yes.  ☒ No.
     *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications or motions with respect to this conviction, commitment, or Issue in any court? ☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA.

    (2) Nature of proceeding (for example, "habeas corpus petition"): WRIT OF HABEAS CORPUS PETITION.

    (3) Issues raised: (a) THE SENTENCING JUDGE IMPOSED AN ILLEGAL AGGRAVATED TERM ON COUNT 4 P.C. 289 BASED ON FACTS NOT FOUND TRUE BY A JURY.

    (b) BASED ON CUNNINGHAM V. CALIFORNIA U.S. SUPREME COURT DECISION, PETITIONER'S SENTENCE OF THE UPPER TERM ON COUNT 4 P.C. 289 IMPOSED BY THE JUDGE IS UNCONSTITUT-

    (4) Result (Attach order or explain why unavailable): PETITION FOR WRIT OF HABEAS CORPUS IS DENIED. -IONA (SEE EXHIBIT-A)

    (5) Date of decision: MARCH 28, 2007

  b. (1) Name of court: ———

    (2) Nature of proceeding: ———

    (3) Issues raised: (a). ———

    (b) ———

    (4) Result (Attach order or explain why unavailable): ———

    (5) Date of decision: ———

  c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA, DATE OF HEARING: MARCH 28, 2007, NATURE OF HEARING: ORDER OF THE COURT REGARDING PETITIONER'S WRIT OF HABEAS CORPUS TO REDUCE THE UPPER TERM TO MIDDLE TERM BASED ON CUNNINGHAM. DENIED.

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
IN LIGHT OF THE RECENT U.S. SUPREME COURT DECISION REGARDING CUNNIN-GHAM V. CALIFORNIA (2007) THAT JURIES, NOT JUDGES MUST DETERMINE FACTS THAT JUSTIFY THE UPPER TERM, WHICH APPLIES IN MY CASE THATS WHY I PETITION NO

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
PETITIONER HAVE EXHAUSTED HIS PETITION OF WRIT OF HABEAS CORPUS TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA, THE PETITION IS DENIED, THEREFORE, PETITIONER IS SUBMITTING THIS PETITION TO THIS COURT FOR ORDER.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: APRIL 16, 2007

▶ _(signature)_

(SIGNATURE OF PETITIONER)

MC-275 [Rev. July 1, 2005]

PETITION FOR WRIT OF HABEAS CORPUS

Page six of six

# EXHIBIT 4

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

**FILED**

MAY 1 0 2007

Court of Appeal - First App. Dist.
DIANA HERBERT
By_____
                    DEPUTY

In re INDRIS JAVIER NAWABI,

on Habeas Corpus.

A117491

(Alameda County
Super. Ct. No. H23388)

The Court:[*]

    The petition for a writ of habeas corpus is denied.

Dated: MAY 1 0 2007                                          _____ P.J.

_____

[*]  McGuiness, P.J., Pollak, J., & Siggins, J.

## AFFIDAVIT OF TRANSMITTAL

I am a citizen of the United States, over 18 years of age, and not a party to the within action; that my business address is 350 McAllister Street, San Francisco, CA 94102; that I served a copy of the attached material in envelopes addressed to those persons noted below.

That said envelopes were sealed and shipping fees fully paid thereon, and thereafter were sent as indicated via the U.S. Postal Service from San Francisco, CA 94102 or, alternatively, served via inter-office mail.

I certify under penalty of perjury that the foregoing is true and correct.

Diana Herbert, Clerk of the Court

BETH ROBBINS                                    MAY 1 0 2007

_____                _____
Deputy Clerk                                    Date


CASE NUMBER:  A117491


Office of the Clerk                             Material Sent  YES: ✓
Alameda County Superior Court  -  Main
Attn: Valerie DeClare
1225 Fallon Street, Room 109
Oakland, CA 94612


                                                Material Sent YES: ✓

Idris Javier Nawabi
CDC:P-41591
CMC   U2-17-45L
P.O. Box 8101
San Luis Obispo, CA 93409-8101

                                                Material Sent YES: ✓

Office of the Attorney General
455 Golden Gate Avenue - Suite 1100
San Francisco, CA 94102


adda

# EXHIBIT 5

# ORIGINAL

**SUPREME COURT** MC-275
**FILED**

Name   IDRIS NAWABI

Address   California Men's Colony St. Prison

P.O. Box 8101 / Cell: 208L

SAN LUIS OBISPO, CA 93409-8101

CDC or ID Number   CDC # P·41591

JUL 3 0 2007

Frederick K. Ohlrich Clerk

Deputy

CALIFORNIA SUPREME COURT RECEIVED JUL 3 0 2007

_____
(Court)

| | |
|---|---|
| IDRIS NAWABI<br>Petitioner<br><br>.vs.<br><br>PEOPLE OF THE STATE OF CALIFORNIA<br>Respondent | **PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**S154884**<br><br>No. _____<br>*(To be supplied by the Clerk of the Court)* |

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 at seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

**This petition concerns:**

☒ A conviction      ☐ Parole

☒ A sentence      ☐ Credits

☐ Jail or prison conditions      ☐ Prison discipline

☐ Other (specify): _____

1. Your name: IDRIS NAWABI

2. Where are you incarcerated? CALIFORNIA MEN'S COLONY STATE PRISON

3. Why are you in custody? ☒ Criminal Conviction    ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

ROBBERY WITH USE OF A DEADLY WEAPON, SODOMY / THREAT OF RETALIATION AND PENETRATION OF GENITAL WITH FOREIGN OBJECT.

b. Penal or other code sections: PC 289, PC 286(c)(3), PC 211, PC 12022.3(a) and 12022(b).

c. Name and location of sentencing or committing court: ALAMEDA COUNTY SUPERIOR COURT, 1225 FALLON STREET, #209, OAKLAND, CA 94612-4293.

d. Case number: H-23388.

e. Date convicted or committed: FEBRUARY 19, 1999.

f. Date sentenced: APRIL 02, 1999.

g. Length of sentence: 19 YEARS AND 4 MONTHS.

h. When do you expect to be released? JUNE 07, 2013.

i. Were you represented by counsel in the trial court? ☒ Yes.   ☐ No. If yes, state the attorney's name and address:

JULES BONJOUR, ATTORNEY AT LAW.

4. What was the LAST plea you entered? (check one)

☐ Not guilty   ☐ Guilty   ☒ Nolo Contendere   ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☐ Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

6.  GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

IN LIGHT OF THE RECENT U.S. SUPREME COURT DECISION IN CUNNINGHAM V. CALIFORNIA, THAT STRUCK DOWN THE CALIFORNIA'S DETERMINATE SENTENCING LAW (DSL) BECAUSE IT'S UNCONSTITUTIONAL BY PLACING SENTENCE-ELEVATING FACTFINDING WITHIN THE JUDGE'S PROVINCE, VIOLATES A DEFENDANT'S RIGHT TO TRIAL BY JURY SAFEGUARDED BY SIXTH AND FOURTEENTH AMENDMENTS.

a.  Supporting facts:
    Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)* (ATTACHED)

ON APRIL 02, 1999, PETITIONER APPEARED BEFORE THE SENTENCING JUDGE VERNON K. NAKAHARA WHO SENTENCED PETITIONER TO 19 YEARS AND 4 MONTHS AS FOLLOWS: ON COUNT FOUR THAT IS VIOLATION OF SECTION 289, THE COURT IMPOSED THE AGGRAVATED TERM OF EIGHT YEARS, THE AGGRAVATED TERM WAS APPLIED BASED ON THE JUDGE'S FACTFINDING AND SUBJECTIVE BELIEF. IN CONSECUTIVE TO THE EIGHT YEARS IN COUNT FOUR THE COURT IMPOSED AN ENHANCEMENT OF FOUR YEARS ON THE USE CLAUSE, TOTALLING 12 YEARS ON COUNT FOUR ALONE. THEN, THE COURT IMPOSED A CONSECUTIVE OF SIX YEARS ON COUNT FIVE FOR VIOLATION OF SECTION 288(c)(1) THE COURT USED THE MIDDLE TERM. THEN, ON COUNT TWO, THAT IS A VIOLATION OF SECTION 211 THE COURT IMPOSED ONE-THIRD THE MID-TERM OF ONE YEAR TO RUN CONSECUTIVE TO COUNT FOUR AND COUNT FIVE AND THE COURT IMPOSED A CONSECUTIVE ENHANCEMENT OF FOUR MONTHS ON COUNT TWO FOR THE USE CLAUSE.    ✳✳ SEE ATTACHED TRANSCRIPT AND A.O.J. ✳✳

b.  Supporting cases, rules, or other authority (optional):
    *(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

IN CUNNINGHAM, THE U.S. SUPREME COURT HELD THAT THE METHOD FOR IMPOSING HIGH TERMS UNDER THE DETERMINATE SENTENCING LAW (DSL) VIOLATED CRIMINAL DEFENDANT'S RIGHTS TO TRIAL BY JURY AND PROOF OF FACTS BEYOND A REASONABLE DOUBT UNDER THE U.S. CONSTITUTION'S SIXTH AND —
✳✳ CONTINUED ON ATTACHED PAGE FOUR OF SIX SECTION b. SUPPORTING CASES ✳✳

7. **Ground 2 or Ground** _____ *(if applicable):*

_____

_____

_____

_____

a. Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b. Supporting cases, rules, or other authority: (CONTINUED FROM PAGE THREE OF SIX SECTION b. SUPPORTING CASES) FOURTEENTH AMENDMENTS. THE U.S. SUPREME OPINIONED THAT BECAUSE THE MIDDLE TERM SENTENCE IS THE HIGHEST TERM THAT CAN BE IMPOSED BASED ON THE JURY'S VERDICT ALONE, IT IS UNCONSTITUTIONAL TO ALLOW A JUDGE TO IMPOSE A HIGH TERM SENTENCE BASED ON FACTS THAT WERE NOT FOUND BY THE JURY TO BE TRUE BEYOND A REASONABLE DOUBT.
※※ CONTINUED ON ATTACHED SHEET ※※

b. Supporting cases, rules, or other authority: (CONTINUED FROM PAGE FOUR OF SIX SECTION b. SUPPORTING CASES)

IN APPRENDI V. NEW JERSEY, THE COURT HELD THAT, UNDER THE SIXTH AM-
ENDMENT, ANY FACT (OTHER THAN A PRIOR CONVICTION) THAT EXPOSES A DEFENDANT
TO A SENTENCE IN EXCESS OF THE RELEVANT STATUTORY MAXIMUM MUST BE FOUND BY
A JURY, NOT A JUDGE, AND ESTABLISHED BEYOND A REASONABLE DOUBT, NOT MERELY BY
A PREPONDERANCE OF THE EVIDENCE. SEE 530 U.S. 466, 490. THE MIDDLE TERM PRESCRIBED
UNDER CALIFORNIA LAW, NOT THE UPPER TERM, IS THE RELEVANT STATUTORY MAXIMUM.

8. Did you appeal from the conviction, sentence, or commitment? ☐ Yes. ☒ No. If yes, give the following information:

  a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

    _____

  b. Result _____ c. Date of decision: _____

  d. Case number or citation of opinion, if known: _____

  e. Issues raised: (1) _____

    (2) _____

    (3) _____

  f. Were you represented by counsel on appeal? ☐ Yes. ☐ No. If yes, state the attorney's name and address, if known:

    _____

9. Did you seek review in the California Supreme Court? ☐ Yes ☒ No. If yes, give the following information:

  a. Result _____ b. Date of decision: _____

  c. Case number or citation of opinion, if known: _____

  d. Issues raised: (1) _____

    (2) _____

    (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

  AFTER, I WAS SENTENCED IN 1999, THE LAWS, CASE LAWS AND STATUES THAT WERE

  IN A EFFECT THEN. LEFT ME NO GROUNDS FOR APPEAL UNTIL THE U.S. SUPREME COURT

  RULING ON MONDAY, JANUARY 22, 2007, CUNNINGHAM V. CALIFORNIA.

11. Administrative Review:

  a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

    N/A _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

  b. Did you seek the highest level of administrative review available? ☐ Yes. ☐ No.
    *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court? ☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: ALAMEDA COUNTY SUPERIOR COURT.

    (2) Nature of proceeding (for example, "habeas corpus petition"): HABEAS CORPUS PETITION.

    (3) Issues raised: (a) CUNNINGHAM FORBIDS JUDGES FROM FINDING AGGRAVATING FACTS BASED ON THE NATURE OF THE CRIME, SUCH AS THAT A VICTIM WAS VULNERABLE, CRUELTY, ETC.

    (b) IT IS UNCONSTITUTIONAL TO ALLOW A JUDGE TO IMPOSE THE UPPER TERM BASED ON FACTS THAT WERE NOT FOUND BY THE JURY TO BE TRUE BEYOND A REASONABLE DOUBT.

    (4) Result (Attach order or explain why unavailable): DENIED WITH OPINION. OPINION UNAVAILABLE BECAUSE IT WAS SUBMITTED AS AN EXHIBIT TO FIRST DISTRICT COURT OF APPEAL.

    (5) Date of decision: MARCH 28, 2007

  b. (1) Name of court: FIRST DISTRICT COURT OF APPEAL

    (2) Nature of proceeding: HABEAS CORPUS PETITION

    (3) Issues raised: (a) THAT CALIFORNIA STATE COURTS SHOULD ALLOW BROADER RETROACTIVE APPLICATION OF THE APPRENDI/BLAKELY/CUNNINGHAM DECISIONS.

    (b) THE MIDDLE TERM SENTENCE IS THE HIGHEST TERM THAT CAN BE IMPOSED BASED ON THE JURY'S VERDICT ALONE, IT IS UNCONSTITUTIONAL TO ALLOW A JUDGE TO IMPOSE THE UPPER TERM.

    (4) Result (Attach order or explain why unavailable): DENIED WITH NO OPINION. ("ORDER" ATTACHED)

    (5) Date of decision: MAY 10, 2007

  c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

ALAMEDA COUNTY SUPERIOR COURT; DATE OF THE HEARING: MARCH 28, 2007; NATURE OF HEARING: HABEAS CORPUS PETITION TO REDUCE THE UPPER TERM TO MIDDLE TERM. DENIED.

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

IN LIGHT OF THE RECENT U.S. SUPREME COURT RULING (JANUARY 22, 2007) THAT JURIES, NOT JUDGE'S, MUST DETERMINE FACTS THAT JUSTIFY HARSHER SENTENCES, THEREFORE I'M SEEKING RELIEF FROM THIS COURT TO REDUCE THE UPPER TERM IMPOSED BY THE JUDGE TO MIDDLE TER

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

I HAVE EXHAUSTED MY REMEDIES WITH THE LOWER COURTS, THEREFORE I'M SEEKING RELIEF FROM THIS COURT.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: June 26, 2007

▶ _____
    (SIGNATURE OF PETITIONER)



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

**FILED**

MAY 1 0 2007

Court of Appeal - First App. Dist.
DIANA HERBERT
By_____
DEPUTY

In re INDRIS JAVIER NAWABI,

on Habeas Corpus.

A117491

(Alameda County
Super. Ct. No. H23388)

The Court:[*]

The petition for a writ of habeas corpus is denied.

Dated: MAY 1 0 2007

McGUINESS, P.J.
_____ P.J.

_____

[*]  McGuiness, P.J., Pollak, J., & Siggins, J.

P41591

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT - DETERMINATE
[not valid without completed page two of CR-290 attached]

CR-290

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA | |
| BRANCH OR JUDICIAL DISTRICT: **Hayward Hall of Justice** | |

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: **IDRIS JAVIER NAWABI** .
AKA:
CII#: **10863792**
BOOKING INFORMATION: PFN: **AWW161**  CEN: **6202632**

DOB: **01-15-76**

| H23388 · | -A |
| | -B |
| ☐ NOT PRESENT | -C |
| | -D |

ENDORSED
FILED
ALAMEDA COUNTY

AUG 1 2 2003

CLERK OF THE SUPERIOR COURT
By_____
P. DANIELS    Deputy

| | |
|---|---|
| COMMITMENT TO STATE PRISON  ABSTRACT OF JUDGMENT | ☒ AMENDED ABSTRACT |

| DATE OF HEARING | DEPT. NO. | JUDGE |
|---|---|---|
| 04-02-1999 · | 32 | **Vernon K. Nakahara** |

| CLERK | REPORTER | PROBATION NUMBER OR PROBATION OFFICER |
|---|---|---|
| **Tracy Wellenkamp** | **Rafael Miller** | **James Avery** |

| COUNSEL FOR PEOPLE  ☒ Deputy District Attorney  ☐ State Attorney General | COUNSEL FOR DEFENDANT  ☐ Deputy Public Defender  ☒ Private Counsel |
|---|---|
| **Martin Brown** | **Jules & Michael Thorman, ESQ>** |

1. Defendant was convicted of the commission of the following felonies:
   ☐ Additional counts are listed on attachment
   ___ (number of pages attached)

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (Month/Date/Year) | Convicted by JURY | Convicted by COURT | Convicted by PLEA | Term (L, M, U) | Concurrent | Consecutive 1/3 Violent | Consecutive 1/3 NON Violent | Consecutive Full Term | Incomplete sentence (refer to item 5) | 654 Stay | Principal or Consecutive Time imposed YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | PC | 289 | PEN./GENITAL/ANAL W/ FOREIGN OBJ | 1996 | 02-19-99 | | | X | u | | | | | | | 8 | 0 |
| 5 | PC | 286(c)(3) | SODOMY /THREAT OF RETALIATION | 1996 | 02-19-99 | | | X | M | | | | X | | | 6 | 0 |
| 2 | PC | 211* | ROBBERY – 1st DEGREE | 1996 | 02-19-99 | | | X | M | | X | | | | | 1 | 0 |
| | | | | | - - | | | | | | | | | | | | |
| | | | | | - - | | | | | | | | | | | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| 4 | 12022.3(a) | 4 | 12022(b) | 4 mo | | | | | 4 | 4 |
| | | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

4. ☐ Defendant was sentenced pursuant to PC 667 (b)-(i) or PC 1170.12 (two-strikes).

5. INCOMPLETED SENTENCE(S) CONSECUTIVE

| COUNTY | CASE NUMBER |
|---|---|
| | |
| | |
| | |

6. ☐ TOTAL TIME ON ATTACHED PAGES:

7. ☐ Additional indeterminate term (see CR-292).

8. ☐ TOTAL TIME excluding county jail term: | **19** | **5** |

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

| Form Adopted for Mandatory Use  Judicial Council of California | ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE  (not valid without completed page two of CR-290 attached) | Penal Code §§ 1213, 1213.5  CR –290 (Rev. Jan. 1, 2003) |
|---|---|---|

8/12/2003

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: **IDRIS JAVIER NAWABI**

| H23388 -A | -B | -C | -D |
|---|---|---|---|

9.  FINANCIAL OBLIGATIONS (including any applicable penalty assessments):

a.  Restitution Fines(s):

Case A: $10,000.00     per PC 1202.4(b) forthwith per PC 2085.5;     $10,000.00     per PC 1202.45 suspended unless parole is revoked.
Case B: $_____     per PC 1202.4(b) forthwith per PC 2085.5;     $_____     per PC 1202.45 suspended unless parole is revoked.
Case C: $_____     per PC 1202.4(b) forthwith per PC 2085.5;     $_____     per PC 1202.45 suspended unless parole is revoked.
Case D: $_____     per PC 1202.4(b) forthwith per PC 2085.5;     $_____     per PC 1202.45 suspended unless parole is revoked.

b.  Restitution per PC 1202.4(f):

Case A: $_____     ☐ Amount to be determined to:   ☐ victim(s)*   ☐ Restitution Fund
Case B: $_____     ☐ Amount to be determined to:   ☐ victim(s)*   ☐ Restitution Fund
Case C: $_____     ☐ Amount to be determined to:   ☐ victim(s)*   ☐ Restitution Fund
Case D: $_____     ☐ Amount to be determined to:   ☐ victim(s)*   ☐ Restitution Fund

(*List victim name(s) if known and amount breakdown in item 11, below.)

c.  Fine(s):

Case A: $_____   per PC 1202.5.  $_____   per VC 23550 or: _____ days   ☐ county jail   ☐ prison in lieu of fine   ☐ CC   ☐ CS
Case B: $_____   per PC 1202.5.  $_____   per VC 23550 or: _____ days   ☐ county jail   ☐ prison in lieu of fine   ☐ CC   ☐ CS
Case C: $_____   per PC 1202.5.  $_____   per VC 23550 or: _____ days   ☐ county jail   ☐ prison in lieu of fine   ☐ CC   ☐ CS
Case D: $_____   per PC 1202.5.  $_____   per VC 23550 or: _____ days   ☐ county jail   ☐ prison in lieu of fine   ☐ CC   ☐ CS

d.  Lab Fee and Drug Program Fee:

Case A: Lab Fee: $_____   per HS 11372.5(a) for counts _____.   ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case B: Lab Fee: $_____   per HS 11372.5(a) for counts _____.   ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case C: Lab Fee: $_____   per HS 11372.5(a) for counts _____.   ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case D: Lab Fee: $_____   per HS 11372.5(a) for counts _____.   ☐ Drug Program Fee of $150 per HS 11372.7(a).

10.  TESTING

a.  ☐ AIDS pursuant to PC 1202.1     b.  ☐ DNA pursuant to PC 296     c.  ☐ other *(specify)*:

11.  *Other orders (specify):*

12.  EXECUTION OF SENTENCE IMPOSED

a.  ☒ at initial sentencing hearing.                    d.  ☐ at resentencing per recall of commitment.  (PC 1170(d).)
b.  ☐ at resentencing per decision on appeal.           e.  ☐ other *(specify):* _____.
c.  ☐ after revocation of probation.

13.  CREDIT FOR TIME SERVED

Case A:   Total Credits:  969 .   Actual: 842   Local Conduct: 127   ☐ 4019   ☒ 2933.1
Case B:   Total Credits: _____   Actual: _____   Local Conduct: _____   ☐ 4019   ☐ 2933.1
Case C:   Total Credits: _____   Actual: _____   Local Conduct: _____   ☐ 4019   ☐ 2933.1
Case D:   Total Credits: _____   Actual: _____   Local Conduct: _____   ☐ 4019   ☐ 2933.1

| DATE SENTENCE PRONOUNCED: 04-02-1999 | TIME SERVED IN STATE INSTITUTION: ☐ DMH     ☐ CDC     ☐ CRC |
|---|---|

14.  Defendant is remanded to the custody of the Sheriff:  ☒ forthwith  ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
To be delivered to: ☒ reception center designated by Director, California Department of Corrections:  ☒ San Quentin  ☐ Chowchilla
☐ Other *(specify):*

**CLERK OF THE COURT**

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| **PATRICIA DANIELS**   *PiDaniels* | 08-12-03 |

CR-290 (Rev. Jan. 1, 2003)          **ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE**     Page 2 of 2



ENDORSED
FILED
ALAMEDA COUNTY

AUG 1 8 2003

CLERK OF THE SUPERIOR COURT
By ___ MARILYN SAGE ___
                              Deputy

1

2

3

4

5              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

6                    IN AND FOR THE COUNTY OF ALAMEDA

7              BEFORE THE HONORABLE GARY M. PICETTI, JUDGE

8                         DEPARTMENT NO. 513

9

10

11   THE PEOPLE OF THE STATE                    No. H23388
     OF CALIFORNIA,
12
                Plaintiff,
13
     vs.
14
     IDRIS JAVIER NAWABI,
15
                Defendant.
16   _____/

17

18              REPORTER'S TRANSCRIPT OF PROCEEDINGS

19        PROCEEDINGS ON SENTENCE-STATE PRISON COMMITMENT

20                     HAYWARD HALL OF JUSTICE
                        HAYWARD, CALIFORNIA
21
                      (FRIDAY, AUGUST 8, 2003)
22

23   APPEARANCES:

24   For the People:                   CHRIS LAMIERO
                                       Deputy District Attorney
25
     For the Defendant:               JULES BONJOUR
26                                     Attorney at Law

27

28   Reported by:  Brenda A. Scott, CSR #6336

1                    FRIDAY, AUGUST 8, 2003, 11:44 A.M.

2                              PROCEEDINGS

3                               ---o0o---

4

5          MR. BONJOUR:  Good morning.  Could we call line 13

6    on the 9:05 calendar, and can Mr. Lamiero and I approach on

7    that?

8          (Off-the-record discussion at the bench.)

9          THE COURT:  All right.  Calling the matter of

10   People versus Idris Javier Nawabi.

11         Counsel state their appearances, please.

12         MR. BONJOUR:  Yes.  Good morning.  Jules Bonjour

13   for Mr. Nawabi.  He's not present.  He's in custody in state

14   prison.

15         MR. LAMIERO:  Chris Lamiero for the People.

16         MR. BONJOUR:  I asked the matter be put on calendar

17   to be -- to correct the Abstract of Judgment that was

18   sentenced to state prison indicating that Mr. Nawabi was

19   convicted of 286(c), sex with a minor, a person under the age

20   of 14.

21         I've shown I hope to the Court's satisfaction and,

22   in fact, he pled to Count 5 of the Information which was

23   sodomy by threat or retaliation.  The victim in this case all

24   parties will agree was 57 years old.  The offense was serious.

25   The mischaracterization of the offense is causing problems

26   for Mr. Nawabi as the Court might understand.

27         I'm asking that the Abstract of Judgment be amended

28   to show that he was convicted of an -- an offense, 286(c)(3),

1    sodomy by threat of retaliation, and that that corrected

2    Abstract be sent to the Department of Corrections.

3              THE COURT:  All right.  So we're still talking

4    about Count 5.  We're just changing the offense and the

5    description of the offense, am I correct?

6              MR. BONJOUR:  Yes.

7              THE COURT:  That seems to be consistent with the

8    Abstract or, excuse me, with the transcript of the plea and

9    the Information just pled to.  So your motion to amend the

10   Abstract of Judgment to reflect -- instead of 286 of the Penal

11   Code to reflect 286(c)(3).  Are those both parens?

12             MR. BONJOUR:  Yes.  Paren small C and paren 3.

13             THE COURT:  Okay.  And we'll also amend the

14   description of the crime to be sodomy by threat or

15   retaliation.  Otherwise, the new Abstract of Judgment will be

16   exactly the same.

17             The sentencing and everything imposed are all

18   correct, is that right?

19             MR. BONJOUR:  That is correct.

20             THE COURT:  All right, so ordered.

21             MR. BONJOUR:  Thank you.

22             THE COURT:  The main thing is that we make that

23   change on Count 5, 286 with small C and a 3 in parens, and

24   that we just change the definition.

25             THE CLERK:  Okay.

26             THE COURT:  Here it shows sodomy with a person 14

27   which is incorrect.  Now it will show sodomy by threat or

28   retaliation.  Otherwise everything else is exactly the same.

1          MR. BONJOUR:  Can you give me the best estimate,

2    how long will that take to get sent off to the Department of

3    Corrections?

4          THE CLERK:  When that goes down today, I don't know

5    how soon.  I can write urgent on it to make sure it gets

6    priority.

7          MR. BONJOUR:  Thanks very much.

8

9          (Proceedings concluded at 11:50 a.m.)

10                    ---o0o---

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

```
 1
 2
 3    State of California          )
 4                                 )    ss.
 5    County of Alameda            )
 6
 7
 8
 9         I, Brenda A. Scott, Official Court Reporter of the
10    Superior Court, County of Alameda, State of California, do
11    hereby certify that the foregoing transcript in the matter of
12    People vs. Nawabi comprise a full, true and accurate
13    transcript of the proceedings had in the within entitled
14    matter, recorded by me by computer-assisted stenotype at the
15    time and place therein stated.
16         In compliance with Section 8016 of the Business and
17    Professions Code, I certify under penalty of perjury that I am
18    a Certified Shorthand Reporter with license number 6336 in
19    full force and effect.
20         Witness my hand this 12th day of August, 2003.
21
22
23                              Brenda A. Scott,
24                              Certified Shorthand Reporter
25
26
27
28
```

1    THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2    IN AND FOR THE COUNTY OF ALAMEDA

3    BEFORE THE HONORABLE VERNON NAKAHARA

4    DEPARTMENT NO. 32

5    --oOo--

6

7    PEOPLE OF THE STATE OF CALIFORNIA,

8    Plaintiff,

9    vs.                                   No.   H23388

10   IDRIS JAVIER NAWABI,

11   Defendant.

12   _____/

13

14   REPORTER'S TRANSCRIPT OF

15   PRISON COMMITMENT PROCEEDINGS

16   FRIDAY, APRIL 2, 1999

17   --oOo--

18   HAYWARD HALL OF JUSTICE

19   24405 AMADOR STREET, HAYWARD, CALIFORNIA

20   --oOo--

21   A P P E A R A N C E S

22   For the People:          THOMAS J. ORLOFF, District Attorney
                              BY:  MARTIN BROWN, Deputy

23   For the Defendant:       JULES BONJOUR, Attorney

24

25

26

27

28   Reported by:             RACHAEL A. MILLER
                              CSR NO. 11099

RACHAEL A. MILLER, CSR NO. 11099

The foregoing instrument is a true and correct copy of the original on file in this office.

ATTEST:

APR 2 9 1999

Ronald G. Overhoit, Clerk of the Superior Court of California, County of Alameda

By _____ Deputy

ENDORSED
FILED

APR 27 1999

RONALD G. OVERHOIT, Clerk of the Court
By _____ Deputy

COPY

1                      FRIDAY, APRIL 2, 1999

2                           --oOo--

3          The matter of the People of the State of California

4     versus IDRIS NAWABI, Defendant, Case Number H23388, came

5     on regularly before the Honorable VERNON NAKAHARA, Judge

6     of the Superior Court of the State of California, for the

7     County of Alameda, Department Number 32.

8          The People were represented by MARTIN BROWN, Deputy

9     District Attorney.

10         The Defendant, IDRIS NAWABI, was present and

11    represented by JULES BONJOUR, Esquire.

12         The following proceedings were then had:

13                          --oOo--

14         THE COURT:  Idris Nawabi.

15         MR. BONJOUR:  That matter's ready.  Jules

16    Bonjour appearing on behalf of Mr. Nawabi.

17         THE COURT:  I need to -- Mr. Bonjour, I need

18    to get one thing in chambers.

19         Okay.  This matter's on for sentencing.  Waive

20    formal reading, arraignment?

21         MR. BONJOUR:  Yes, Your Honor.

22         THE COURT:  Any legal cause?

23         MR. BONJOUR:  No.

24         THE COURT:  For the record, let me indicate

25    that --

26         MR. BONJOUR:  I would like to address the

27    Court, however, before you do impose sentence.

28         THE COURT:  Right.  For the record then I have

1    read and considered the lengthy probation report in this

2    matter.

3        I have read and considered all the materials that

4    have been submitted by Mr. Bonjour, including the report

5    by Dr. Wornian, which is a very lengthy report.  I've read

6    the transcript on the change of plea, and I also have

7    the -- the letter by Ms. Ryals, who is his previous

8    attorney, the letter from the Nawabi family, the probation

9    report I said, and also the two-page letter from the

10   victim in this matter that Ms. Elaine Lopes from the

11   Victim-Witness Program has submitted to the Court.

12       Those are the items that I have considered in this

13   particular case.  Mr. Brown or Mr. Bonjour, is there

14   anything further?

15       MR. BONJOUR:  There's one additional document,

16   Your Honor, that I didn't give to the Court.  It's a short

17   note, but it's signed by many members of the Afghan

18   community expressing their support for Mr. Nawabi.

19       THE COURT:  Mr. Brown.

20       MR. BROWN:  I have nothing to submit to the

21   Court.

22       THE COURT:  Do you want to see this?

23       MR. BROWN:  No.  That's fine.

24       THE COURT:  Okay.  Any further comments?

25       MR. BONJOUR:  Yes, Your Honor.  Yesterday

26   afternoon, Mr. Powell at the probation department faxed to

27   me a copy of his report, and attached to that report was

28   the two-page letter from the victim in this case.

1          It was a powerful reminder of what a terrible crime

2     this is, and I must say it took me a few minutes to

3     recover from an emotional impact that it had on me.  Then

4     I re-read Dr. Wornian's report, and what I felt after

5     reading that was that while this was a terrible crime, it

6     was not committed by a terrible person, but committed by a

7     person who had experienced a terrible life.

8          I think we're all the product of our experiences as

9     children and as young adults.  And if a child is subjected

10    to physical abuse, sexual abuse, watching his mother

11    abused in his presence, dislocated from his home by a

12    terrible war, and then transported to a foreign country

13    and left to his own devices, deals with his pain by the

14    use of drugs, it's a way of understanding how all of this

15    anger that he had was one terrible night directed at a

16    totally innocent person.

17         Dr. Wornian observed, and I'll quote from the

18    report, "His has been a world in which violence appears to

19    have been an almost routine and taken for granted feature

20    of everyday life.  He has, not surprisingly, adapted to

21    the demands of this world by becoming prone to engaging in

22    acts of violence himself."

23         He then gave Idris a number of tests, and those

24    tests revealed a person who is suffering from probable

25    brain impairment.  The measure of his intellectual

26    functioning was within the mentally retarded range, and

27    concluded he manifested signs of the post-traumatic stress

28    disorder.

1          Dr. Wornian concluded by saying Mr. Nawabi needs to

2     be placed in a well structured and well supervised for the

3     living situation, in quote.  Dr. Wornian recommends this

4     facility be one where Mr. Nawabi can receive treatment for

5     both his post-traumatic and his substance abuse.

6          And the issue before the Court this morning is how

7     long should that period and that structured setting be.  I

8     would like the Court to consider, in addition to Dr.

9     Wornian's report, the fact that Idris was 20 years old at

10    the time he committed this offense; that his prior record

11    was insubstantial, consisting of 22 misdemeanors and a

12    number of traffic violations, and that he has undergone a

13    transformation while in custody during the last year, in

14    large part, I think, because of the fact he's been drug

15    free and he has established reunification with his family;

16    that is his mother and his sisters, and his brother, and

17    he finally realized that rather than being ostracized from

18    the family, being excluded from the family, they truly

19    love him, and they want him to be a member of the family.

20         The Court indicated that you would be sentencing Mr.

21    Nawabi to no more than 19 years and four months.  I would

22    ask the Court to consider a sentence of 13 years as

23    follows:  On Count Four, the principal term, the mid term

24    of six years, plus four years on the use of the knife,

25    which is the mid term of the use enhancement; on Count

26    Five, three years, the mitigated term consecutive; and on

27    Count Two, three years plus one year for the knife,

28    imposition of sentence suspended.

1            I believe that those 13 years combined with the fact

2     that at time of the plea I voir dired Mr. Nawabi on the

3     fact that he was pleading to an aggravated felony for the

4     purposes of immigration and naturalization and it

5     undoubtedly at the completion of his prison sentence he

6     would be deported that the 13 years combined with the

7     deportation is a significant sentence and punishment that

8     both reflects what Mr. Nawabi did.

9            I hope this also offers some protection and

10    assurance for the victim who certainly underwent a

11    terrible experience, and in the end would satisfy what I

12    hope we're all here to achieve and that is some form of

13    justice.

14           There's a large contingency of the Nawabi family

15    here in court, and his sister would ask the Court

16    permission to speak for just two minutes, three minutes,

17    so she can express her feelings.

18            THE COURT:  All right.  Please, first of all,

19    state your name for the record.

20            MS. NAWABI:  My name is Jasmine Nawabi.  I'm

21    Idris' sister.

22            THE COURT:  Make sure you speak up also.

23            MS. NAWABI:  I'm speaking for my family, my

24    brother and myself, and what I'm about to say is coming

25    straight from my heart.  And I believe my brother should

26    be given a second chance, because ever since I've known

27    him he's lived an agonizing life, and that shouldn't be

28    the excuse for what he's done, for what crime he's

1    committed, but, Your Honor, consider that he hasn't had

2    much of a life.

3        It's a painful, sad life, and you can't put him away

4    for having this life, you know. I mean, I -- I know I

5    feel sympathy for the victim, but you can't put him away

6    for half his life, because he deserves a second chance.

7    He's a changed person. In the letters he writes, when we

8    go to visit him, to tell that he's changed.

9        I just -- I'm just asking for your Court to have

10    some mercy on my brother. Thank you.

11            THE COURT: Thank you.

12            MR. BONJOUR: Thank you, Your Honor.

13            THE COURT: All right. Mr. Brown, anything

14    further?

15            MR. BROWN: Well, Your Honor, I want to speak a

16    few moments for the victim in this case. You know, the

17    defendant may have had a very sad and unfortunate life,

18    but he went out and hunted and found the victim in this

19    case.

20        He broke into her residence and for three hours

21    terrorized her and did unspeakable things to her. These

22    are things that she will never recover from. These are

23    traumas she will live with the rest of her life.

24        I do not believe in jailhouse transformation. I

25    believe the Court should impose the maximum sentence of 19

26    years, four months based on the harm that was done to the

27    victim in this case and because of all the factors that

28    Wornian refers to. I believe they show the defendant to

1    be a continuing danger and member to society, so I would

2    ask the Court to impose 19 years, four months.

3            MR. BONJOUR:  Just a brief comment.  He did not

4    hunt out the victim.  This was a crime of opportunity.  He

5    thought the residence was unoccupied.  Unfortunately, it

6    was not unoccupied.  He did not hunt her or seek her out.

7            THE COURT:  Okay.  Let me see the attorneys up

8    here just for a moment.

9            (Whereupon a discussion was held at the bench.)

10           THE COURT:  Okay.  Then back on the record.

11   The Court has, as I indicated, read and considered all of

12   those matters, including what has been presented here this

13   morning, and I am ready to sentence Mr. Nawabi, unless

14   there's anything further.  Mr. Brown?

15           MR. BROWN:  Submitted.

16           THE COURT:  Mr. Bonjour?

17           MR. BONJOUR:  Submitted.

18           THE COURT:  Matter being submitted, it is the

19   sentence and judgment of this Court as follows:  And that

20   is, with respect to Count Four, Madam clerk, that is a

21   violation of Section 289, the Court is going to use the

22   aggravated term of eight years in state prison.  The

23   aggravation is because the crime involved great violence,

24   great bodily injury, a high degree of cruelty and

25   viciousness.

26           With respect to the use clause, the Court is using

27   the mid term of four years.  That is the use clause as to

28   Count Four.  That will be the mid term of four years.  So

1    on Count Four, Madam clerk, that will be 12 years in state

2    prison.

3         With respect to Count Five, the Court -- that's a

4    violation of Section 286(C), the Court is going to use the

5    mid term of six years. That six years in Count Five is to

6    run consecutive to the 12 years in Count Four. With

7    respect to the Count Two, that is a violation of Section

8    211. The Court is going to use the mitigated term on the

9    211 of three years. One-third the mid term -- one-third

10   of that would be one year, and then the use clause as to

11   Count Two, Madam clerk, that would be four months.

12        So on Count Two, that would be a total of one year,

13   four months. That one year, four months is to run

14   consecutive to the six years in Count Five, to the four

15   years in -- I'm sorry -- to the 12 years in Count Four.

16        That will be a total of 19 years, four months, and

17   that will be served at 85 percent.

18             MR. BROWN: Your Honor, as to Count Two, the

19   211, I believe three years is the middle term.

20             THE COURT: No. I think -- do you show that as

21   the mid? I show it is --

22             MR. BROWN: Two, three, four. Two, three,

23   five.

24             THE COURT: I show it is a four, five, six.

25             MR. BROWN: Is it charged 211?

26             THE COURT: First.

27             MR. BONJOUR: Yeah.

28             MR. BROWN: Okay. All right.

1          THE COURT:  All right.  So that will be 19

2    years, four months in state prison.  He has how many

3    actual?

4          THE BAILIFF:  842 actual.

5          THE COURT:  I'm sorry.

6          THE BAILIFF:  842 actual, plus 127 Sage for a

7    total of 969 dates credit for time served.  That's at 85

8    percent.

9          THE COURT:  That's at 85 percent.  The Court

10   will also assess a restitution fund fine in the amount of

11   $10,000.  There will be a similar parole revocation fund

12   fine of $10,000 that will be suspended.

13      He is remanded into the custody of the sheriff's

14   department to be delivered to the Department of

15   Corrections for the service of the sentence.

16      And, Mr. Nawabi, it is one of the -- I did read all

17   of the stuff concerning your particular background, and

18   frankly, I agree with Mr. Bonjour is that your life has

19   been one of hell.

20      On the other hand, I think that on this particular

21   occasion, hell started for your particular victim.  And

22   I've considered all of the materials submitted to me, and

23   I believe that is a fair and just sentence in this case.

24      Anything further?

25          MR. BONJOUR:  No, Your Honor.

26          MR. BROWN:  No.

27          THE COURT:  All right.  That will be the

28   order.

```
 1          CERTIFICATE OF OFFICIAL SHORTHAND REPORTER PRO TEM

 2     STATE OF CALIFORNIA     )
                               )
 3     COUNTY OF ALAMEDA       )

 4

 5          I, Rachael A. Miller, hereby certify that I am a

 6     Certified Shorthand Reporter, and that I recorded verbatim

 7     in stenograph the proceedings had Friday, April 2, 1999,

 8     in the matter of the People of the State of California vs.

 9     IDRIS NAWABI, Case Number H23388 fully and accurately, to

10     the best of my skill and ability; that I have caused my

11     stenotype notes to be transcribed into typewriting, and

12     the foregoing 10 pages constitute a complete and accurate

13     transcript of said stenotype notes taken at the

14     above-mentioned proceedings.

15

16

17     Dated:     April 6, 1999

18

19

20

21          _____

22                    RACHAEL A. MILLER
                       CSR License No. 11099
23

24

25

26

27

28
```

# EXHIBIT 6

S154884

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re IDRIS NAWABI on Habeas Corpus

---

The petition for writ of habeas corpus is denied.

SUPREME COURT
FILED

JAN **1 6** 2008

Frederick K. Ohlrich Clerk

Deputy

Chief Justice