IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IDRIS NAWABI,<br><br>           Petitioner,<br><br>  v.<br><br>J. HARTELY, Warden,<br><br>           Respondent._____/ | No. C 08-1258 WHA (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely and procedurally barred. Petitioner has opposed the motion and filed a motion for entry of default. For the reasons set out below, the motion to dismiss will be granted and the motion for default will be denied.

**DISCUSSION**

Respondent contends that the petition is barred by the statute of limitations.

The statute of limitations is codified at 28 U.S.C. § 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases

on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  *Id.* § 2244(d)(2).

Respondent asserts, and petitioner does not dispute, that petitioner was sentenced in 1999 and did not appeal.  Thus if the one-year statute of limitations is calculated in the usual manner under Section 2244(d)(1)(A), as running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," this petition, not filed until 2008, clearly is untimely.  And tolling does not apply; because petitioner's first state habeas petition was not filed until 2007, he is not entitled to statutory tolling, and he does not contend for equitable tolling.

Petitioner does contend, however, that the starting date for the statute of limitations period should be that provided under Section 2244(d)(1)(C), "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Petitioner's habeas claim is that the sentencing court's imposition of the upper term on his sexual-assault conviction violated *Cunningham v. California*, 127 S. Ct. 856, 871 (2007), in which the Court found that imposition of an upper-term sentence based on facts not tried to a jury violates the Sixth Amendment.  The question, then, is whether *Cunningham*, or perhaps also the cases upon which it is based, announced a "newly recognized" right and whether that right was made retroactive to cases on collateral review, as those terms are meant in 2244(d)(1)(C).

First, *Cunningham* did not create a new right, but rather was simply a specific application of the right established in *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004). *Butler v. Curry*, 528 F.3d 624, 635 (9th Cir.), *cert. denied*, --- U.S. ----, 129 S.Ct. 797 (2008). Secondly, if the source of the newly-recognized right for 2244(d)(1)(C) purposes is treated as being *Blakely*, that case does not meet the second 2244(d)(1)(C) prong, i.e., it is not

1   retroactive, *see Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005), and in any event
2   because it was decided in 2004 and petitioner's first state habeas petition was not filed until
3   2007, a limitations period calculated as starting on the date *Blakely* was decided would have
4   expired long before he filed a state petition (entitling him to statutory tolling) or this petition.

5   For these reasons, petitioner is incorrect that application of Section 2244(d)(1)(A)
6   saves the petition. The motion to dismiss will be granted.

## CONCLUSION

Petitioner's motion for entry of default because respondent's reply was not timely (document number 12 on the docket) is **DENIED**. *See Bleitner v. Welborn*, 15 F.3d 652, 653 (7th Cir. 1994) (default judgment disfavored in habeas corpus cases).

Respondent's motion to dismiss (document number 9) is **GRANTED**. The petition is **DISMISSED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March   4   , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\NAWABI1258.DSM-SL.wpd